**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| ISAAC JIMENEZ, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>THE CITY OF KANSAS CITY, MISSOURI,<br>        Defendant. | Case No.2216-CV24586<br><br>Div.    14 |

**PLAINTIFF'S VERIFIED MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR TEMPORARY RESTRAINING ORDER**

COMES NOW Plaintiff Isaac Jimenez (hereinafter "Plaintiff'') by and through undersigned counsel pursuant to Missouri Rule of Civil Procedure 92.02 and moves this Court for a temporary restraining order enjoining Defendant City of Kansas City, Missouri (hereinafter the "City") from wage recoupment and retroactive pay based on pay methods which violate Missouri Wage and Hour laws and the Fair Labor Standards Act (hereinafter "FLSA") and to implement lawful pay methods during the pendency of the temporary restraining order, which shall extend for fifteen (15) days from the Court's issuance of such order. In support of this motion, Plaintiff states as follows:

1.      Plaintiff Isaac Jimenez works as a firefighter for the City. The terms and conditions of his employment, including compensation, are determined by the *Collective Bargaining Agreement Between City of Kansas City, Missouri and International Association of Fighters, Local 42 2021-2024* (hereinafter the "CBA"). Plaintiff is the collective class representative in this FLSA lawsuit and hereby incorporates by reference the facts and allegations set forth in the Collective Action Petition contemporaneously filed herewith.

2.     The City, as Plaintiff's employer is charged, *inter alia*, with paying its firefighters consistent with state and federal rules promulgated under the FLSA and Missouri Wage and Hour laws.

3.     The City proposes wage recoupment and retroactive pay to Plaintiff and other similarly situated firefighters from May 1, 2022 that is based on an unlawful method for calculating the firefighters' regular rate and overtime pay, resulting in excess recoupment and undervalued retroactive pay.

## BACKGROUND

4.     This case arises from Grievance Award No. 21-21 where the City was ordered to "make whole" affected IAFF Local 42 firefighters for back-pay resulting from collectively bargained pay scale increases in the CBA. Pursuant to the CBA and subsequently the Grievance Award, Local 42 firefighters, including the Plaintiff were to receive pay increases beginning May 1, 2021. *See* CBA, Appendix A, attached hereto as Exhibit 1; *see also* Award, February 15, 2022, attached hereto as Exhibit 2.

5.     Local 42 filed Grievance 21-21 because the City had for months, failed to pay its firefighters in accord with the new pay scale. The City's failures continued for months, into the summer of 2022. *See* Grievance 21-21, attached hereto as Exhibit 3; *see also* Heizman Email, June 6, 2022, attached hereto as Exhibit 4.

6.     On July 5, 2022, fifty-one (51) days *after* the City's May 15, 2022 deadline to pay the firefighters' back pay and make them whole, the City, for the first time, provided an MS Excel spreadsheet showing the amounts of back pay due to 743 Local 42 firefighters including the Plaintiff. *See* Spreadsheet, attached hereto as Exhibit 5. The Spreadsheet also included pay data

for 140 firefighters who the City claimed were overpaid during the May 2021 to July 2022 period. *See Id.*

7.     The City developed and provided a pay calculator with the Spreadsheet. Therein the City disclosed its method for calculating overtime pay – i.e., Overtime Hours x (Incentive Rate + 0.5 x Regular Rate). *See* Calculator, attached hereto as Exhibit 6.

8.     The City's overtime pay method violates the FLSA because overtime must be paid at one and one-half times the employee's regular rate. 29 U.S.C. § 207(k). This legal standard was made clear to the City on September 29, 2021 when US District Judge Bryan Gaddy issued a Summary Judgment Order in *Adams v. City of Kansas City, Missouri*, 19-CV-00093 (W.D. Mo. Feb. 8, 2019), an FLSA collective action similar to the case at bar, where aggrieved Local 42 firefighters sued the City for its failure to lawfully calculate overtime pay. In his Order, Judge Gaddy held:

> Because, at a minimum, the City failed to pay the regular rate (i.e., the "one...times the regular rate") for hours worked in excess of 212 hours during a 28-day period, and thus, violated the FLSA, the Court DENIES the City's motion for summary judgment on the issue of whether it violated the FLSA and GRANTS Plaintiffs' motion for partial summary judgment.

*Adams v. City of Kansas City, Missouri*, 19-CV-00093-W-WBG, 2021 WL 4484551, at 16 (W.D. Mo. Sept. 29, 2021), motion to certify appeal denied, 19-CV-00093-W-WBG, 2022 WL 138102 (W.D. Mo. Jan. 14, 2022). A copy of the Order is attached hereto as Exhibit 7.

9.     The City's unlawful method of calculating overtime results in actual underpayment, for example:

Firefighters earning a base rate of pay (without incentives) of $15.00 per hour and a regular rate of pay (including incentives) of $16.00 with 20 hours of overtime, under the City's method would earn overtime pay of $460.00.

Overtime Hours x (Incentive Rate + 0.5 x Regular Rate)

20 x ($15.00 + (0.5 x $16.00) = **$460.00**

Utilizing lawful FLSA pay methods, the same firefighter would earn $480.00

Overtime Hours x (1.5 x regular rate)

20 x (1.5 x $16.00) = **$480.00**

10.  On September 2, 2022, Local 42 President, Dan Heizman raised the forgoing issue with the City and demanded that it amend its calculations to comport with the FLSA rules and Judge Gaddy's Order. Instead, on September 22, 2022, the City informed Mr. Heizman that it intended to begin wage recoupment from the 140 firefighters who the City alleged were overpaid, and retroactive pay pursuant to the Grievance Award for the remainder of the class. *See* Clevenger Email, September 22, 2022, attached hereto as Exhibit 8.

11.  The City withdrew its notice of wage recoupment and retroactive pay based on the parties' desire to make Fire Department Financial Officer, Joe Pehlman available to Local 42 for a meeting to explain the City's overtime calculations.

12.  On October 10, 2022, Mr. Pehlman informed Local 42 that he agreed with its position – i.e., that the City applied an unlawful method of regular rate calculation, which resulted in firefighter overtime underpayment. *See* Pehlman Email, October 10, 2022, attached hereto as Exhibit 9.

13.  On October 18, 2022, Kansas City Fire Chief Donna Lake concurred "with the information that [Joe Pehlman] provided [because] he is the most versed in FLSA within KCFD." *See* Lake Email, October 18, 2022, attached hereto as Exhibit 10.

## BASIS FOR GRANTING THE TEMPORARY RESTRAINING ORDER

14.     Missouri Supreme Court Rule 92.02(b) provides that a temporary restraining order may be issued upon presentation of an affidavit from the party seeking the order that immediate and irreparable injury, loss, or damage will result in the absence of the relief." On a motion for preliminary injunction, courts should weigh (1) the moving party's probability of success on the merits, (2) the threat of irreparable harm to the movant absent the injunction, (3) the balance between this harm and the injury that the injunction's issuance would inflict upon other interested parties, and (4) the public interest. *State ex. rel. Director of Revenue v. Honorable A. Rex Gabbert*, 925 S.W.2d 838, 839 (Mo. 1996). Additionally, the primary objective of a temporary restraining order is to maintain the *status quo*. *Salau v. Deaton*, 433 S.W.3d 449, 453 (Mo.App. W.D. 2014). The temporary restraining order requested here clearly meets these standards.

### A TEMPORARY RESTRAINING ORDER IS NECESSARY
### TO PRESERVE THE STATUS QUO

15.     Missouri Wage and Hour law, the FLSA, and the US District Court for the Western District of Missouri correspondingly require employers like the City to calculate employee hourly-based overtime at one and one-half times the employee's regular rate of pay. Thus, state and federal law governing the City's pay methods is the *status quo* and the City admits the same. *See* Exhibit 9; *see also* Exhibit 10.

16.     Further, the City's attorney ordered in her Grievance Award that Local 42 firefighters including the Plaintiff were entitled to be "made whole" by May 15, 2022, and the City has failed to do so. The remedy for this impairment of Grievance Award No. 21-21 is an injunction of the City's continued policy of underpaying its employees in defiance of that Award, Missouri Wage and Hour law, the FLSA, and Judge Gaddy's September 21, 2021 Summary Judgment Order.

17.     Preserving the *status quo* – i.e., lawful payment of wages, is critical to the broader public interest at stake in this case. It is well recognized that "[t]hat employees shall have the right to organize and to bargain collectively through representatives of their own choosing." Mo. Const. Art. I, § 29. This provision applies to public employees. *Independence-Nat. Educ. Ass'n v. Independence School Dist.*, 223 S.W.3d 131, 140-41 (Mo. banc 2007); see also *City of Chesterfield*, 386 S.W.3d 755 (Mo. banc 2012); and *American Federation of Teachers v. Ledbetter*, 387 S.W.3d 360 (Mo. banc 2012). It "imposes on employers an affirmative duty to bargain collectively." *City of Chesterfield*, 386 S.W.3d at 762. Absent this duty, the rights guaranteed to public employees under Article I, Section 29 would be rendered meaningless. *Id*. at 760. Contracts between governing bodies and employee groups are afforded the same legal respect and protections as contracts between governing bodies and individuals. *Independence-Nat. Educ. Ass'n*, 223 S.W.3d at 140. Though a line of cases prior to 2007 held that cities can unilaterally modify collective bargaining agreements because they are not binding contracts, the Supreme Court in *Independence-Nat. Educ. Ass'n* emphatically overruled these cases. *Id*. at 139-40. Accordingly, the Supreme Court has held that a city cannot unilaterally change the terms of a CBA. *Id*.

18.     The CBA provides that firefighters like the Plaintiff are entitled to overtime at a rate of one and one-half times the regular rate of pay. This term was the result of collective bargaining between Plaintiff's labor union and the City. The City's refusal to make firefighters whole through lawful pay methods, amounts to a denial of rights guaranteed under the Missouri Constitution. As set forth herein, the Plaintiff is directed affected by such denial; and the Court should not, as a matter of policy, permit a municipality to arbitrarily and unilaterally discharge its Constitutional duties. *See City of Chesterfield*, 386 S.W.3d at 762.

**A TEMPORARY RESTRAINING ORDER IS NECESSARY**
**TO AVOID IRREPARABLE HARM**

19.     Clearly, a temporary restraining order is necessary to protect the Plaintiff from irreparable harm. The City knows it is calculating firefighter overtime using unlawful methods, yet the City has taken no affirmative action to resolve the issue. This, after more than eighteen (18) months of the effective date of the 2021-24 CBA, more than one year after Judge Gaddy issued his Order addressing overtime pay, and more than eight (8) months after the City's attorney issued the Grievance Award. The Plaintiff and his fellow firefighters have waited long enough; they have exhausted all available remedies; and the City still offers no corrective action.

20.     The necessity for a temporary restraining order is amplified in this case because the City alone has the authority to execute wage recoupment and retroactive pay at any time. Without a temporary restraining order from the Court, the City may leave its firefighters without wages lawfully earned for many months or years while the underlying wage and hour action proceeds. Without a temporary restraining order from the Court, the City may *continue* to calculate firefighter overtime using unlawful methods.

21.     Finally, a temporary restraining order will not affect the City's financial status whatsoever. The amount in controversy is *lawfully owed* to the Plaintiff and his fellow firefighters. Put another way, the monies withheld by the City have *always belonged to the firefighters*. Accordingly, the balance of harms tips decidedly in favor of granting the temporary restraining order.

22.     Based on the foregoing, Plaintiff respectfully requests the court require Plaintiff to post a cash deposit of $500 or less in lieu of bond.

WHEREFORE, Plaintiff on behalf of firefighters similarly situated, respectfully requests that the Court issue an Order enjoining the City from (1) wage recoupment and retroactive pay

based on unlawful methods during the pendency of this temporary restraining order, which shall extend for fifteen (15) days from the Court's issuance of said Order; (2) continuing to pay firefighter overtime utilizing unlawful methods; in addition to (3) requiring Plaintiff to post a cash deposit of $500 or less in lieu of bond; and (4) such other relief as the Court deems appropriate.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

*/s/ Raymond E. Salva, Jr.*
Raymond E. Salva, Jr.    Mo. Bar No. 66191
John B. Boyd    Mo. Bar No. 23716
John R. Boyd    Mo. Bar No. 42633
Jason Iezzi    Mo. Bar No. 65329
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: rsalva@bktplaw.com
E-mail: jbboyd@bktplaw.com
E-mail: jrboyd@bktplaw.com
E-mail: jiezzi@bktplaw.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2022, *Plaintiff's Verified Memorandum of Law in Support of Petition for Temporary Restraining Order,* and Plaintiff's Verification Pages were electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record, in addition to service by consent via email to City Attorney Alan Holtkamp:

Alan Holtkamp
City Attorney
Alan.Holtkamp@kcmo.org
Phone: 816-512-3149
Facsimile: 816-513-3133

*/s/ Raymond E. Salva, Jr.*
Raymond Salva, Jr.

-8-



## APPENDIX A — WAGES

### FIRE DEPARTMENT MONTHLY WAGE RATES

Monthly wage scales for members of the Bargaining Unit will be those set forth in this Appendix. The City and Union agree that the pay scales for bargaining unit members will be changed in accordance with this Appendix on May 1, 2021

Contingent upon the City receiving funds appropriated from the American Rescue Plan Act of 2021, members covered by this Agreement shall receive supplemental hazard pay in return for employment with the Kansas City Fire Department during the first full pay period in the month of December and such hazard pay shall be equal to two and one-half percent (2.5%) of their annual base salary. The calculation for a member's base annual salary shall be their base hourly rate multiplied by two thousand five hundred and seventy-four (2574) hours for members on a forty-nine and one-half (49.5) hour schedule or the base hourly rate multiplied by two thousand and eighty (2080) hours for members on a 40-hour schedule. Such hazard pay shall only be paid during years one (1) and two (2) of this Agreement.

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

**WAGE SCALES**

| | STEP | YEARS | hourly | | | hourly | | |
|---|---|---|---|---|---|---|---|---|
| **Fire Fighter EMT / FAO / Fire Education Specialist** | | | | | | | | |
| | | | 2021 | 2022 | 2023 | 2021 | 2022 | 2023 |
| | STEP | YEARS | 2574 hours | | | 2080 hours | | |
| FF 1 | 1 | start | $15.17 | $16.25 | $17.33 | $18.78 | $20.11 | $21.45 |
| | 2 | 1 year | $16.25 | $17.33 | $18.43 | $20.11 | $21.45 | $22.81 |
| | 3 | 2 years | $17.33 | $18.43 | $19.54 | $21.45 | $22.81 | $24.18 |
| | 4 | 3 years | $18.43 | $19.54 | $20.73 | $22.81 | $24.18 | $25.66 |
| | 5 | 4 years | $19.54 | $20.73 | $21.46 | $24.18 | $25.66 | $26.56 |
| | 6 | 5 years | $20.73 | $21.46 | $22.19 | $25.66 | $26.56 | $27.46 |
| FF 2 | 7 | 6 years | $21.46 | $22.19 | $22.91 | $26.56 | $27.46 | $28.35 |
| | 8 | 7 years | $22.19 | $22.91 | $23.67 | $27.46 | $28.35 | $29.29 |
| | 9 | 8 years | $22.91 | $23.67 | $24.40 | $28.35 | $29.29 | $30.19 |
| | 10 | 9 years | $23.67 | $24.40 | $25.11 | $29.29 | $30.19 | $31.08 |
| | 11 | 10 years | $24.40 | $25.11 | $25.86 | $30.19 | $31.08 | $32.00 |
| FF 3 | 12 | 11 years | $25.11 | $25.86 | $27.44 | $31.08 | $32.00 | $33.96 |
| | 13 | 12 years | $25.86 | $27.44 | $28.40 | $32.00 | $33.96 | $35.15 |
| | 14 | 13 years | $27.44 | $28.40 | $29.54 | $33.96 | $35.15 | $36.55 |
| | 15 | 14 years | $28.40 | $29.54 | $30.13 | $35.15 | $36.55 | $37.29 |
| | 16 | 15 years | $29.54 | $30.13 | $30.96 | $36.55 | $37.29 | $38.31 |
| | 17 | 16 years | $30.13 | $30.96 | $31.79 | $37.29 | $38.31 | $39.35 |
| FF 4 | 18 | FAO | $30.96 | $31.79 | $32.75 | $38.31 | $39.35 | $40.53 |
| | 19 | FAO | $31.79 | $32.75 | $33.73 | $39.35 | $40.53 | $41.74 |

| | STEP | hourly | | | hourly | | |
|---|---|---|---|---|---|---|---|
| **Fire Fighter Paramedic** | | | | | | | |
| | | 2021 | 2022 | 2023 | 2021 | 2022 | 2023 |
| FF/PM | STEP | 2574 hours | | | 2080 hours | | |
| | 1 | $26.37 | $27.15 | $28.81 | $32.63 | $33.59 | $35.65 |
| | 2 | $27.15 | $28.81 | $29.82 | $33.59 | $35.65 | $36.91 |
| | 3 | $28.81 | $29.82 | $31.02 | $35.65 | $36.91 | $38.38 |
| | 4 | $29.82 | $31.02 | $31.64 | $36.91 | $38.38 | $39.15 |
| | 5 | $31.02 | $31.64 | $32.50 | $38.38 | $39.15 | $40.22 |
| | 6 | $31.64 | $32.50 | $33.38 | $39.15 | $40.22 | $41.31 |
| | 7 | $32.50 | $33.38 | $34.38 | $40.22 | $41.31 | $42.55 |
| | 8 | $33.38 | $34.38 | $35.41 | $41.31 | $42.55 | $43.82 |

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

| Communications Specialist / Fire Inspector | | | | | |
|---|---|---|---|---|---|
| | | | hourly | | |
| | | | 2021 | 2022 | 2023 |
| | STEP | YEARS | 2080 hours | | |
| CS 1 | 1 | start | $18.06 | $18.78 | $20.11 |
| | 2 | 6 mos | $18.78 | $20.11 | $21.45 |
| | 3 | 1 year | $20.11 | $21.45 | $22.81 |
| | 4 | 2 years | $21.45 | $22.81 | $24.18 |
| | 5 | 3 years | $22.81 | $24.18 | $25.66 |
| | 6 | 4 years | $24.18 | $25.66 | $26.56 |
| | 7 | 5 years | $25.66 | $26.56 | $27.46 |
| CS 2 | 8 | 6 years | $26.56 | $27.46 | $28.35 |
| | 9 | 7 years | $27.46 | $28.35 | $29.29 |
| | 10 | 8 years | $28.35 | $29.29 | $30.19 |
| | 11 | 9 years | $29.29 | $30.19 | $31.08 |
| | 12 | 10 years | $30.19 | $31.08 | $32.00 |
| CS 3 | 13 | 11 years | $31.08 | $32.00 | $33.96 |
| | 14 | 12 years | $32.00 | $33.96 | $35.15 |
| | 15 | 13 years | $33.96 | $35.15 | $36.55 |
| | 16 | 14 years | $35.15 | $36.55 | $37.29 |
| | 17 | 15 years | $36.55 | $37.29 | $38.41 |
| | 18 | 16 years | $37.29 | $38.41 | $39.56 |

| Captain / Communications Supervisor / Fire Investigator | | | | | | |
|---|---|---|---|---|---|---|
| | hourly | | | hourly | | |
| | 2021 | 2022 | 2023 | 2021 | 2022 | 2023 |
| STEP | 2574 hours | | | 2080 hours | | |
| 1 | $31.79 | $31.79 | $32.61 | $39.35 | $39.35 | $40.35 |
| 2 | $32.61 | $32.61 | $33.42 | $40.35 | $40.35 | $41.35 |
| 3 | $33.42 | $33.42 | $34.75 | $41.35 | $41.35 | $43.01 |
| 4 | | $34.75 | $36.14 | | $43.01 | $44.73 |

101

| Emergency Medical Technician | | | |
|---|---|---|---|
| | hourly | | |
| | 2021 | 2022 | 2023 |
| STEP | | | |
| 1 | $17.73 | $18.49 | $19.25 |
| 2 | $18.49 | $19.25 | $20.01 |
| 3 | $19.25 | $20.01 | $20.77 |
| 4 | $20.01 | $20.77 | $21.53 |
| 5 | $20.77 | $21.53 | $22.30 |
| 6 | $21.53 | $22.30 | $25.35 |
| 7 | $22.30 | $25.35 | $26.87 |
| 8 | $25.35 | $26.87 | $27.41 |
| 9 | $26.87 | $27.41 | $27.96 |
| 10 | $27.41 | $27.96 | $28.52 |
| 11 | $27.96 | $28.52 | $29.09 |
| 12 | $28.52 | $29.09 | $29.96 |
| 13 | $29.09 | $29.96 | $30.86 |

| Paramedic | | | |
|---|---|---|---|
| | hourly | | |
| | 2021 | 2022 | 2023 |
| STEP | | | |
| 1 | $21.93 | $22.82 | $23.69 |
| 2 | $22.82 | $23.69 | $24.57 |
| 3 | $23.69 | $24.57 | $25.44 |
| 4 | $24.57 | $25.44 | $26.33 |
| 5 | $25.44 | $26.33 | $30.68 |
| 6 | $26.33 | $30.68 | $31.29 |
| 7 | $30.68 | $31.29 | $31.92 |
| 8 | $31.29 | $31.92 | $32.56 |
| 9 | $31.92 | $32.56 | $33.21 |
| 10 | $32.56 | $33.21 | $34.20 |
| 11 | $33.21 | $34.20 | $35.23 |

| Emergency Supply Technician | | | |
|---|---|---|---|
| | hourly | | |
| | 2021 | 2022 | 2023 |
| STEP | | | |
| 1 | $14.49 | $15.09 | $15.68 |
| 2 | $15.09 | $15.68 | $16.88 |
| 3 | $15.68 | $16.88 | $18.06 |
| 4 | $16.88 | $18.06 | $19.87 |
| 5 | $18.06 | $19.87 | $20.27 |
| 6 | $19.87 | $20.27 | $20.67 |
| 7 | $20.27 | $20.67 | $21.09 |
| 8 | $20.67 | $21.09 | $21.51 |
| 9 | $21.09 | $21.51 | $22.15 |
| 10 | $21.51 | $22.15 | $22.82 |

| Emergency Response Vehicle Technician | | | |
|---|---|---|---|
| | hourly | | |
| | 2021 | 2022 | 2023 |
| STEP | | | |
| 1 | $25.89 | $26.48 | $27.06 |
| 2 | $26.48 | $27.06 | $27.65 |
| 3 | $27.06 | $27.65 | $28.23 |
| 4 | $27.65 | $28.23 | $30.58 |
| 5 | $28.23 | $30.58 | $31.75 |
| 6 | $30.58 | $31.75 | $32.39 |
| 7 | $31.75 | $32.39 | $33.03 |
| 8 | $32.39 | $33.03 | $33.70 |
| 9 | $33.03 | $33.70 | $34.37 |
| 10 | $33.70 | $34.37 | $35.40 |
| 11 | $34.37 | $35.40 | $36.47 |

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

CITY OF FOUNTAINS
HEART OF THE NATION



KANSAS CITY
MISSOURI

**Department of Human Resources**

**Division of Labor & Employee Relations**

12th Floor, City Hall
414 East 12th Street
Kansas City, Missouri 64106-2743

Phone(816) 513-1908
Fax: (816) 513-1913

Konsta Myrick, Business Agent
IAAF, Local 42
6320 Manchester Avenue, #42A
Kansas City, Missouri 64133
Sent via email: kmyrick@iaff42.org

Sent electronically

Re:   **4th Step Grievance # 21-21**
      **Retroactive pay to effective CBA date**

Mr. Myrick:

The subject grievance hearing was held in accordance with Article XX, Section 1 of the Collective Bargaining Agreement between the City of Kansas City, Missouri and Local No. 42, International Association of Firefighters (*hereinafter* the Union). The hearing was held on January 31, 2022, in the Human Resources Conference Room and virtually at City Hall. Present and representing Fire Management were Fire Chief Donna Lake, Associate City Attorney Alan Holtkamp and Administrative Officer Jean Young. City Controller Eric Clevenger was also present. The Union and PM Zimmerili were represented by Local 42 President Dan Heizman and you, Business Agent Konsta Myrick.

### The Union's Position

An agreement regarding the current Collective Bargaining Agreement between IAFF Local 42 and the City of Kansas City, MO was not reached before 5/1/21. However, once an agreement was reached, the wage scales in Appendix A became effective and were retroactive to 5/1/21. PM Zimmerli began being compensated at the appropriate hourly rate ($33.21) during the pay period beginning 8/1/21. He has not been compensated properly for the pay periods that would include 5/1/21 to 7/31/21.

### The Union's Written Position

Appendix A of the CBA states" Monthly wage scales for members of the Bargaining Unit will be those set forth in this Appendix. The City and Union agree that the pay scales for bargaining unit members will be changed in accordance with this Appendix on May 1, 2021." Therefore, the grievant should be compensated properly for all periods he was employed between 5/1/21 and 7 /31/21. Instead, he was compensated at $25.30 per hour during the aforementioned period.

### Requested Remedy

If the grievance is sustained, the member is requesting the following remedy: That the union, grievant, and all similarly situated members be made whole in every regard including but not limited to the following:
   1. The grievant and all others similarly affected receive corrected retroactive pay to 5/1/21, including any holiday pay, overtime worked (including holdover), interest, etc.
   2. That the City take any and all additional measures in this matter deemed just and appropriate

## Summary of Information Presented During the Hearing

During the hearing, the Union stated that:

The City and Union agreed that the pay scales in the CBA, which took effective May 1, 2021, would be used in to compensate PM Zimmerli and those similarly situated to him and that those pay scale would be retroactive to May 1, 2021 (see Union exhibit 1 Appendix A of current CBA). The only pay scales that were changed in this CBA were the pay scales for paramedics and fire medics. (See Union exhibit 2 Paramedic pay scales). Union members, like PM Zimmerli have not been compensated back pay for the change to the pay scales from May 1, 2021 to August 1, 2021. The Union has made several attempts to get this corrected but City has not corrected the issue. In addition to back pay the Union also identified an issue with retroactive specialty pay. The Union states that specialty pay from May 2021 to December 2021 has not be paid and that Union has identified that issue to City and City has failed to remedy the issue.

In response, Management presented the following:

Management agrees that retroactive pay for increases from May 1, 2021 to August 1, 2021 for PM Zimmerli and those similarly situated have not be issued. Management further acknowledged that retroactive specialty pay has not been paid either. Eric Clevenger cited an inability to calculate who needed such pay because Fire Management had not provided the required spreadsheet. Eric Clevenger indicated that calculations for retroactive pay for both issues were laborious, as they required individual manual calculations for each employee. Eric Clevenger further stated that once he receives the appropriate spreadsheets from Fire Management that it would take an estimated two to three months for all parties impacted to be made whole.

## Summary of Findings

This grievance alleges that certain members of Local 42 are entitled to receive retroactive pay in accordance with the current CBA and appropriate appendixes, specifically retroactive pay from May 1, 2021 to August 1, 2021 and retroactive specialty pay from May 2021 to December 2021.

After reviewing the evidence and listening to the testimony at the grievance hearing there does not appear to by any facts at issue. The sole controversy is why it is taking so long for retroactive pay to calculated and paid out. Management offered several explanations for the delay.

During the hearing all parties present agreed to the following steps:
1. Mary Maddox and/or Joe Pehlman will provide 2 spreadsheets to Jean Young and Dan Heizman: 1) all employees who are entitled to retroactive pay due to pay scale modifications from May1, 2021 to August 1, 2021 and 2) all employees entitled to retroactive pay for specialty pay from May 2021 to December 2021.
2. Jean Young and Dan Heizman will review the spreadsheets for accuracy.
3. Upon mutual agreement by Jean Young and Dan Heizman the spreadsheets will be provided to Eric Clevenger; and
4. Once provide the spreadsheets agreed upon by Jean Young and Dan Heizman, Eric Clevenger and/or other Finance Department staff will calculate and pay out retroactive pay at issue in the grievance.

In furtherance of the requested remedy the following deadlines are applicable to the above tasks:
1. Mary Maddox and/or Joe Pehlman must provide the above mentioned spreadsheets to Jean Young and Dan Heizman for review by **March 1, 2022**.
2. Eric Clevenger and/or Finance Department staff must complete all calculations for employees impacted by the two retroactive pay concerns at issue is this grievance and employees should be

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM



# INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS

OF GREATER KANSAS CITY, MISSOURI LOCAL UNION NO. 42

6320 Manchester Avenue, Suite 42A
Kansas City, MO 64133
Telephone: (816) 358-4222    WWW.IAFF42.ORG



EXHIBIT
**3**

January 19, 2022

Teri Casey, Human Resources Director
City of Kansas City, MO
12th Floor City Hall
414 E. 12 Street
Kansas City, MO 64116

RE: Step 4 Grievance -- Retroactive pay to effective CBA date. (Amended)

Dear Director Casey:

Please be advised that Local No. 42 of the International Association of Fire Fighters (Local 42) is submitting the following grievance at step 4 on behalf Paramedic John Zimmerli and all similarly situated members pursuant to the Collective Bargaining Agreement (CBA) between IAFF Local 42 and the City of Kansas City, Missouri. On behalf of Paramedic Zimmerli and all similarly situated members, IAFF Local No. 42 is requesting a meeting be set as soon as possible to discuss this grievance, in person.

## FACTS

On 5/1/21, The Collective Bargaining Agreement between IAFF Local 42 and the City of Kansas City, MO became effective. Pursuant to this agreement, the wage scales in Appendix A simultaneously became effective. PM Zimmerli began being compensated at the appropriate hourly rate ($33.21) during the pay period beginning 8/1/21. He has not been compensated properly for the pay periods that would include 5/1/21 to 7/31/21.

## STATEMENT OF GRIEVANCE

Appendix A of the CBA states *"Monthly wage scales for members of the Bargaining Unit will be those set forth in this Appendix. The City and Union agree that the pay scales for bargaining unit members will be changed in accordance with this Appendix on May 1, 2021."* Therefore, the grievant should be compensated properly for all periods he we employed between 5/1/21 and 7/31/21. Instead he was compensated at $25.30 per hour during the aforementioned period.

"Proudly Representing Fire, EMS and Public Safety Professionals in Greater Kansas City since 1918"

 15

## REMEDY

If the grievance is sustained, the member is requesting the following remedy: That the union, grievant, and all similarly situated members be made whole in every regard including but not limited to the following:

1. The grievant and all others similarly affected receive corrected retroactive pay to 5/1/21, including any holiday pay, overtime worked (including holdover), interest, etc.

2. That the City take any and all additional measures in this matter deemed just and appropriate.

Please contact me at your earliest convenience to set at time and place to hear this matter.

Respectfully submitted,

Konsta M. Myrick
Business Agent

KM/sm/opeiu277

cc: Dan Hiezman, President
    Business Agents

EXHIBIT
4



Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

**John B. Boyd**

| | |
|---|---|
| **From:** | Dan Heizman <dheizman@iaff42.org> |
| **Sent:** | Monday, June 6, 2022 10:27 AM |
| **To:** | Postlewait, Kelly; Clevenger, Eric; Lake, Donna; Platt, Brian; John B. Boyd; Eric Rose |
| **Cc:** | Young, Jean; Pehlman, Joe; Casey, Teri; Queen, Tammy L; Hawkins, Kristyn |
| **Subject:** | RE: Grievance follow up |

Ms. Postlewait,
I think we do need to discuss this further. The City made the initial error and missed the March 1st deadline to get the spreadsheets to myself and Jean Young. I believe the City was 3 days late providing anything, at which time we found out that they provided us information that was basically useless. That was then corrected and I was under the impression that Joe Pehlman had the updated lists prepared and was sending them to Mr. Clevenger. On April 5th we exchanged some emails and that was the first time I was informed that Clevenger had still not received the lists. Ms. Postlewait received that message and asked Joe to send the lists to Clevenger. After that exchange, Clevenger again asked me to provide him three lists delineated by single role employees, 207k without specialty pay and 207k with specialty pay. I again explained that I don't have access to that information but the payroll and finance department of the City most certainly does. Only then, on April 6th did Clevenger acknowledge that the process was beginning.

With that all being said I have a few questions.
First, I was under the impression that the City had been working on the backpay calculations for months leading up to the grievance hearing. Is that accurate or was I misinformed on that piece?
Second, the consultant is using a computer program to perform the calculations so all that really needs to be done is to import the payroll data into the program and it performs the calculation instantly. If that is accurate, why have zero calculation been completed in the preceding two months?
Third, considering the City failed to meet the initial deadline of providing the lists to myself and Jean Homer, is it not reasonable to ask that the City take that into account when setting the payout deadline?
And lastly, it was also agreed that the Union, along with Fire Admin, would be provided the opportunity to review the calculations prior to any final payments being made. Considering it has taken the City over a year to figure out any single backpay calculation, how much of a review period are you building into your timeline to allow for review and still get payments made within the 90 day window?

Daniel Heizman | President
International Association of Fire Fighters | Local 42
6320 Manchester Avenue, Suite 42A | Kansas City, Missouri 64133
cell: 816.918.9685 | office: 816.783.5443 | fax: 816.358.8383
email: dheizman@iaff42.org | website: www.iaff42.org



"Proudly Representing Fire, EMS, and Public Safety Professionals in Greater Kansas City since 1918"

**Confidentiality Notice:**
This email, including any files transmitted with it, is the property of the International Association of Fire Fighters Local No. 42. It is confidential and is intended solely for the use of the individual, or entity, to which the email is addressed. If you are not a named recipient, or otherwise have reason to

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM



| Employee ID | Total Owed | Total Paid | Amount Owed to (Due from) Employee |
|---|---|---|---|
| Totals | $39,005,261.76 | $38,289,476.64 | $715,785.12 |
| 100004 | $91,785.61 | $91,569.56 | $216.05 |
| 100027 | $49,920.29 | $49,791.33 | $128.96 |
| 100108 | $76,517.31 | $76,838.94 | ($321.63) |
| 100136 | $66,615.82 | $65,770.50 | $845.32 |
| 100204 | $68,644.03 | $66,444.24 | $2,199.79 |
| 100205 | $58,934.74 | $58,054.57 | $880.17 |
| 100235 | $69,705.25 | $69,644.86 | $60.39 |
| 100244 | $126,670.16 | $125,922.81 | $747.35 |
| 100264 | $723.13 | $723.13 | $0.00 |
| 100279 | $51,053.96 | $50,974.49 | $79.47 |
| 100403 | $74,827.53 | $73,022.61 | $1,804.92 |
| 100465 | $63,508.41 | $63,217.32 | $291.09 |
| 100467 | $52,849.28 | $53,127.34 | ($278.06) |
| 100471 | $82,528.76 | $82,836.28 | ($307.52) |
| 100484 | $58,760.60 | $58,568.69 | $191.91 |
| 100561 | $58,654.38 | $58,652.44 | $1.94 |
| 100658 | $76,187.13 | $75,045.85 | $1,141.28 |
| 100714 | $58,445.91 | $57,371.00 | $1,074.91 |
| 100715 | $53,385.14 | $53,926.51 | ($541.37) |
| 100800 | $55,111.96 | $55,463.02 | ($351.06) |
| 100835 | $68,957.62 | $68,655.83 | $301.79 |
| 100842 | $37,061.75 | $37,811.69 | ($749.94) |
| 100862 | $55,053.89 | $54,489.78 | $564.11 |
| 100866 | $84,338.44 | $83,271.03 | $1,067.41 |
| 100868 | $68,615.36 | $67,332.99 | $1,282.37 |
| 100877 | $63,097.72 | $62,711.20 | $386.52 |
| 100882 | $75,504.50 | $74,452.98 | $1,051.52 |
| 100891 | $57,789.41 | $57,604.89 | $184.52 |
| 100899 | $54,666.02 | $54,445.45 | $220.57 |
| 100903 | $56,477.03 | $55,128.50 | $1,348.53 |
| 100908 | $54,629.65 | $53,176.17 | $1,453.48 |
| 100913 | $68,629.10 | $67,334.97 | $1,294.13 |
| 100916 | $86,888.38 | $83,389.83 | $3,498.55 |
| 100920 | $63,354.49 | $62,477.36 | $877.13 |
| 100987 | $54,229.22 | $54,064.61 | $164.61 |
| 101016 | $54,329.68 | $53,926.90 | $402.78 |
| 101027 | $53,551.04 | $53,225.47 | $325.57 |
| 101029 | $102,656.00 | $95,730.84 | $6,925.16 |
| 101036 | $79,278.14 | $79,067.10 | $211.04 |
| 101045 | $77,698.43 | $75,837.16 | $1,861.27 |
| 101071 | $51,740.68 | $52,530.79 | ($790.11) |
| 101170 | $48,592.20 | $48,508.69 | $83.51 |
| 101211 | $55,420.65 | $55,157.44 | $263.21 |
| 101220 | $65,452.66 | $65,311.94 | $140.72 |

| | | | |
|---|---|---|---|
| 101241 | $77,612.97 | $77,144.85 | $468.12 |
| 101242 | $52,849.86 | $52,356.29 | $493.57 |
| 101293 | $84,832.09 | $84,045.86 | $786.23 |
| 101298 | $84,631.66 | $87,642.80 | ($3,011.14) |
| 101306 | $61,200.54 | $60,351.37 | $849.17 |
| 101308 | $95,753.95 | $92,469.04 | $3,284.91 |
| 101310 | $35,742.82 | $36,291.91 | ($549.09) |
| 101314 | $49,925.47 | $48,581.51 | $1,343.96 |
| 101318 | $47,775.65 | $47,774.26 | $1.39 |
| 101324 | $102,370.96 | $99,793.11 | $2,577.85 |
| 101327 | $56,571.81 | $56,426.66 | $145.15 |
| 101332 | $108,966.48 | $108,014.51 | $951.97 |
| 101337 | $94,246.69 | $92,697.22 | $1,549.47 |
| 101339 | $61,660.43 | $61,329.56 | $330.87 |
| 101341 | $53,119.06 | $52,756.26 | $362.80 |
| 101486 | $63,443.93 | $60,956.30 | $2,487.63 |
| 101577 | $60,643.30 | $60,516.61 | $126.69 |
| 101590 | $61,297.15 | $61,091.12 | $206.03 |
| 101592 | $61,568.05 | $59,774.78 | $1,793.27 |
| 101649 | $54,717.46 | $54,390.27 | $327.19 |
| 101703 | $62,935.42 | $63,214.08 | ($278.66) |
| 101706 | $79,936.55 | $78,311.19 | $1,625.36 |
| 101712 | $78,572.93 | $78,324.11 | $248.82 |
| 101740 | $70,042.47 | $65,924.07 | $4,118.40 |
| 101855 | $123,252.07 | $121,567.61 | $1,684.46 |
| 101912 | $76,047.17 | $74,452.90 | $1,594.27 |
| 101926 | $53,305.92 | $55,543.97 | ($2,238.05) |
| 101927 | $89,368.20 | $87,802.85 | $1,565.35 |
| 101941 | $93,552.74 | $92,387.71 | $1,165.03 |
| 101948 | $52,825.29 | $52,427.14 | $398.15 |
| 101950 | $83,293.81 | $83,233.84 | $59.97 |
| 101955 | $79,456.00 | $79,779.53 | ($323.53) |
| 101959 | $60,473.14 | $59,646.75 | $826.39 |
| 102138 | $50,732.86 | $51,281.37 | ($548.51) |
| 102154 | $54,461.77 | $54,968.56 | ($506.79) |
| 102156 | $67,123.98 | $66,410.45 | $713.53 |
| 102162 | $78,024.08 | $76,820.03 | $1,204.05 |
| 102175 | $75,753.62 | $74,065.82 | $1,687.80 |
| 102177 | $58,454.17 | $58,011.52 | $442.65 |
| 102192 | $61,906.47 | $62,054.34 | ($147.87) |
| 102199 | $103,381.20 | $103,288.67 | $92.53 |
| 102202 | $82,002.59 | $81,189.71 | $812.88 |
| 102206 | $52,241.46 | $52,465.74 | ($224.28) |
| 102304 | $73,803.17 | $73,000.80 | $802.37 |
| 102352 | $89,973.80 | $88,238.04 | $1,735.76 |
| 102371 | $67,707.23 | $66,243.22 | $1,464.01 |
| 102372 | $65,510.96 | $63,739.39 | $1,771.57 |

| | | | |
|---|---|---|---|
| 102375 | $81,337.72 | $79,405.24 | $1,932.48 |
| 102377 | $65,267.41 | $64,324.90 | $942.51 |
| 102402 | $68,911.99 | $68,410.65 | $501.34 |
| 102418 | $46,686.48 | $46,624.26 | $62.22 |
| 102420 | $50,597.29 | $52,036.85 | ($1,439.56) |
| 102422 | $69,839.51 | $69,144.74 | $694.77 |
| 102549 | $72,533.46 | $73,467.24 | ($933.78) |
| 102575 | $67,287.56 | $65,962.94 | $1,324.62 |
| 102622 | $13,210.37 | $13,586.73 | ($376.36) |
| 102631 | $71,227.82 | $69,757.64 | $1,470.18 |
| 102639 | $76,313.44 | $75,230.42 | $1,083.02 |
| 102649 | $79,612.43 | $79,292.71 | $319.72 |
| 102658 | $25,654.28 | $25,343.34 | $310.94 |
| 102770 | $16,025.91 | $16,517.81 | ($491.90) |
| 102790 | $76,645.88 | $75,175.18 | $1,470.70 |
| 102797 | $79,932.70 | $79,225.12 | $707.58 |
| 102824 | $60,891.54 | $59,617.66 | $1,273.88 |
| 102829 | $82,283.65 | $80,472.59 | $1,811.06 |
| 102833 | $53,886.09 | $52,519.46 | $1,366.63 |
| 102834 | $52,060.10 | $51,725.66 | $334.44 |
| 102837 | $63,992.05 | $64,139.25 | ($147.20) |
| 102844 | $50,648.59 | $50,934.10 | ($285.51) |
| 102857 | $68,638.76 | $70,264.44 | ($1,625.68) |
| 102872 | $48,183.01 | $48,213.64 | ($30.63) |
| 102883 | $130,097.64 | $125,192.31 | $4,905.33 |
| 102884 | $73,246.42 | $73,077.03 | $169.39 |
| 102892 | $50,854.12 | $51,145.49 | ($291.37) |
| 102919 | $129,692.41 | $127,847.24 | $1,845.17 |
| 102941 | $47,985.19 | $47,701.36 | $283.83 |
| 102956 | $51,338.47 | $51,741.05 | ($402.58) |
| 102965 | $51,610.23 | $57,632.28 | ($6,022.05) |
| 102997 | $55,530.58 | $54,223.72 | $1,306.86 |
| 103002 | $55,742.67 | $57,206.68 | ($1,464.01) |
| 103018 | $54,348.46 | $54,037.21 | $311.25 |
| 103024 | $66,197.70 | $65,650.03 | $547.67 |
| 103037 | $50,663.86 | $49,734.17 | $929.69 |
| 103043 | $70,105.87 | $68,888.01 | $1,217.86 |
| 103047 | $51,252.96 | $51,604.37 | ($351.41) |
| 103216 | $54,325.44 | $54,188.83 | $136.61 |
| 103217 | $68,463.79 | $68,368.28 | $95.51 |
| 103274 | $84,188.16 | $82,054.14 | $2,134.02 |
| 103279 | $65,296.92 | $65,877.90 | ($580.98) |
| 103281 | $70,055.86 | $68,835.82 | $1,220.04 |
| 103288 | $72,879.55 | $73,087.45 | ($207.90) |
| 103292 | $69,144.04 | $67,153.44 | $1,990.60 |
| 103294 | $48,715.98 | $48,626.00 | $89.98 |
| 103302 | $51,707.64 | $52,321.39 | ($613.75) |

| | | | |
|---|---|---|---|
| 103473 | $69,346.80 | $67,919.82 | $1,426.98 |
| 103478 | $73,197.60 | $72,671.98 | $525.62 |
| 103481 | $55,405.19 | $55,640.88 | ($235.69) |
| 103497 | $94,454.86 | $92,363.85 | $2,091.01 |
| 103500 | $63,182.69 | $62,787.12 | $395.57 |
| 103519 | $66,166.21 | $65,767.74 | $398.47 |
| 103552 | $47,464.64 | $46,650.64 | $814.00 |
| 103582 | $60,042.25 | $59,824.65 | $217.60 |
| 103595 | $51,507.49 | $51,216.93 | $290.56 |
| 103602 | $58,943.86 | $57,602.71 | $1,341.15 |
| 103647 | $83,019.57 | $81,265.53 | $1,754.04 |
| 103674 | $56,309.28 | $55,404.46 | $904.82 |
| 103728 | $95,893.72 | $94,447.42 | $1,446.30 |
| 103739 | $57,492.92 | $55,831.69 | $1,661.23 |
| 103743 | $95,211.10 | $95,096.32 | $114.78 |
| 103756 | $76,549.93 | $77,837.24 | ($1,287.31) |
| 103758 | $59,992.62 | $60,298.40 | ($305.78) |
| 103764 | $52,472.22 | $52,684.04 | ($211.82) |
| 103766 | $56,435.22 | $56,295.85 | $139.37 |
| 103771 | $50,215.38 | $50,333.24 | ($117.86) |
| 103776 | $51,389.93 | $50,987.34 | $402.59 |
| 103780 | $98,298.07 | $98,303.47 | ($5.40) |
| 103782 | $50,959.47 | $50,132.06 | $827.41 |
| 103905 | $82,013.67 | $80,373.14 | $1,640.53 |
| 103907 | $96,404.80 | $94,708.65 | $1,696.15 |
| 103937 | $48,568.88 | $47,400.84 | $1,168.04 |
| 103973 | $64,875.37 | $64,352.15 | $523.22 |
| 103993 | $70,655.11 | $70,814.04 | ($158.93) |
| 104002 | $62,906.01 | $62,774.96 | $131.05 |
| 104007 | $58,128.11 | $58,391.71 | ($263.60) |
| 104013 | $74,288.79 | $73,544.90 | $743.89 |
| 104017 | $68,599.04 | $69,172.41 | ($573.37) |
| 104019 | $102,759.79 | $99,413.17 | $3,346.62 |
| 104020 | $47,526.76 | $55,442.17 | ($7,915.41) |
| 104032 | $68,810.46 | $67,079.22 | $1,731.24 |
| 104040 | $67,450.19 | $67,734.30 | ($284.11) |
| 104045 | $49,893.44 | $49,652.16 | $241.28 |
| 104052 | $52,856.25 | $50,877.98 | $1,978.27 |
| 104061 | $57,269.60 | $56,134.94 | $1,134.66 |
| 104062 | $76,647.69 | $74,290.04 | $2,357.65 |
| 104063 | $62,354.40 | $61,653.26 | $701.14 |
| 104089 | $53,362.77 | $60,290.80 | ($6,928.03) |
| 104142 | $58,297.59 | $58,265.33 | $32.26 |
| 104179 | $60,926.03 | $60,136.52 | $789.51 |
| 104182 | $51,680.83 | $51,598.29 | $82.54 |
| 104185 | $0.00 | $0.00 | $0.00 |
| 104189 | $61,813.68 | $61,929.02 | ($115.34) |

| | | | |
|---|---|---|---|
| 104190 | $77,351.63 | $76,345.55 | $1,006.08 |
| 104200 | $88,906.33 | $89,180.31 | ($273.98) |
| 104235 | $84,450.94 | $85,062.93 | ($611.99) |
| 104241 | $52,440.83 | $51,165.11 | $1,275.72 |
| 104262 | $74,592.68 | $73,810.22 | $782.46 |
| 104316 | $56,223.05 | $55,308.63 | $914.42 |
| 104332 | $53,185.69 | $53,089.45 | $96.24 |
| 104346 | $82,858.35 | $81,408.94 | $1,449.41 |
| 104376 | $53,990.67 | $52,901.79 | $1,088.88 |
| 104380 | $95,110.31 | $96,485.08 | ($1,374.77) |
| 104406 | $85,128.07 | $83,011.64 | $2,116.43 |
| 104420 | $91,306.19 | $89,280.47 | $2,025.72 |
| 104421 | $91,180.07 | $88,657.82 | $2,522.25 |
| 104450 | $73,084.02 | $72,120.63 | $963.39 |
| 104494 | $107,370.78 | $104,803.38 | $2,567.40 |
| 104522 | $39,380.19 | $39,748.04 | ($367.85) |
| 104531 | $61,883.43 | $60,436.51 | $1,446.92 |
| 104550 | $54,271.81 | $53,616.11 | $655.70 |
| 104554 | $59,877.82 | $59,316.57 | $561.25 |
| 104616 | $79,810.21 | $77,761.48 | $2,048.73 |
| 104751 | $43,579.68 | $43,279.75 | $299.93 |
| 104837 | $76,598.19 | $76,870.09 | ($271.90) |
| 104860 | $67,032.12 | $66,370.28 | $661.84 |
| 104883 | $62,488.75 | $61,639.40 | $849.35 |
| 104884 | $50,224.27 | $50,237.69 | ($13.42) |
| 104897 | $59,492.47 | $58,913.08 | $579.39 |
| 104909 | $83,500.58 | $86,939.30 | ($3,438.72) |
| 104913 | $54,904.04 | $53,754.99 | $1,149.05 |
| 104920 | $52,149.81 | $52,871.26 | ($721.45) |
| 104960 | $61,509.25 | $59,679.55 | $1,829.70 |
| 104973 | $67,035.56 | $64,608.73 | $2,426.83 |
| 104974 | $86,219.54 | $80,386.55 | $5,832.99 |
| 104981 | $78,393.47 | $78,269.33 | $124.14 |
| 104988 | $68,001.89 | $66,344.01 | $1,657.88 |
| 104989 | $88,433.40 | $89,153.85 | ($720.45) |
| 104991 | $75,555.78 | $74,998.23 | $557.55 |
| 105021 | $89,676.59 | $87,947.05 | $1,729.54 |
| 105023 | $60,569.43 | $61,059.79 | ($490.36) |
| 105034 | $62,464.30 | $61,239.70 | $1,224.60 |
| 105038 | $60,593.48 | $59,806.68 | $786.80 |
| 105039 | $43,741.36 | $52,748.04 | ($9,006.68) |
| 105040 | $64,913.30 | $62,674.14 | $2,239.16 |
| 105208 | $56,184.47 | $55,457.21 | $727.26 |
| 201395 | $66,330.44 | $66,574.48 | ($244.04) |
| 205127 | $48,982.23 | $48,449.47 | $532.76 |
| 600003 | $58,034.04 | $56,911.96 | $1,122.08 |
| 600008 | $73,878.05 | $74,116.19 | ($238.14) |

| | | | |
|---|---|---|---|
| 600013 | $22,076.18 | $22,097.59 | ($21.41) |
| 600014 | $59,704.78 | $58,655.65 | $1,049.13 |
| 600018 | $60,546.95 | $58,894.03 | $1,652.92 |
| 600019 | $56,388.22 | $56,069.18 | $319.04 |
| 600021 | $65,614.98 | $64,812.08 | $802.90 |
| 600025 | $52,392.07 | $52,210.72 | $181.35 |
| 600026 | $52,508.51 | $51,717.56 | $790.95 |
| 600027 | $63,584.36 | $62,231.54 | $1,352.82 |
| 600030 | $68,199.66 | $67,765.95 | $433.71 |
| 600033 | $68,346.31 | $66,076.92 | $2,269.39 |
| 600035 | $56,708.94 | $56,244.32 | $464.62 |
| 600036 | $81,506.84 | $73,354.42 | $8,152.42 |
| 600038 | $53,613.27 | $52,618.58 | $994.69 |
| 600042 | $67,352.68 | $66,733.92 | $618.76 |
| 600043 | $69,276.49 | $67,878.04 | $1,398.45 |
| 600044 | $61,352.20 | $60,387.37 | $964.83 |
| 600045 | $53,575.71 | $53,363.16 | $212.55 |
| 600047 | $59,147.76 | $58,433.35 | $714.41 |
| 600050 | $55,556.28 | $55,731.56 | ($175.28) |
| 600279 | $39,924.67 | $39,790.96 | $133.71 |
| 600328 | $47,915.82 | $47,338.56 | $577.26 |
| 600516 | $45,361.00 | $45,078.38 | $282.62 |
| 600559 | $58,836.82 | $58,829.56 | $7.26 |
| 600563 | $54,214.79 | $53,606.37 | $608.42 |
| 600567 | $51,298.12 | $50,986.45 | $311.67 |
| 600572 | $77,069.29 | $74,481.16 | $2,588.13 |
| 600575 | $64,096.86 | $62,400.03 | $1,696.83 |
| 600576 | $51,518.32 | $52,053.87 | ($535.55) |
| 601006 | $67,378.52 | $65,942.92 | $1,435.60 |
| 601009 | $54,539.02 | $54,128.14 | $410.88 |
| 601011 | $77,956.23 | $77,368.13 | $588.10 |
| 601016 | $49,671.98 | $49,579.26 | $92.72 |
| 601017 | $66,174.75 | $65,867.19 | $307.56 |
| 601023 | $60,820.73 | $59,762.21 | $1,058.52 |
| 601024 | $61,175.36 | $60,057.17 | $1,118.19 |
| 601027 | $64,357.25 | $64,481.76 | ($124.51) |
| 601030 | $61,439.76 | $60,388.72 | $1,051.04 |
| 601034 | $47,488.80 | $47,871.17 | ($382.37) |
| 601035 | $45,040.27 | $44,850.32 | $189.95 |
| 601036 | $94,493.12 | $92,159.29 | $2,333.83 |
| 601039 | $70,095.75 | $68,737.58 | $1,358.17 |
| 601040 | $49,806.98 | $50,388.62 | ($581.64) |
| 601041 | $68,094.73 | $64,343.25 | $3,751.48 |
| 601892 | $56,084.47 | $56,588.32 | ($503.85) |
| 601893 | $6,616.69 | $6,548.37 | $68.32 |
| 601895 | $41,192.31 | $40,345.86 | $846.45 |
| 601898 | $58,796.66 | $57,464.80 | $1,331.86 |

| | | | |
|---|---|---|---|
| 601905 | $55,650.20 | $55,142.68 | $507.52 |
| 601908 | $56,318.24 | $56,410.51 | ($92.27) |
| 601911 | $137,571.50 | $135,549.86 | $2,021.64 |
| 601915 | $56,501.76 | $55,158.27 | $1,343.49 |
| 601920 | $48,374.01 | $48,809.83 | ($435.82) |
| 601921 | $51,148.86 | $50,095.34 | $1,053.52 |
| 601965 | $58,018.65 | $55,514.98 | $2,503.67 |
| 602064 | $38,261.26 | $38,938.98 | ($677.72) |
| 602334 | $41,034.83 | $41,821.91 | ($787.08) |
| 602341 | $50,685.22 | $50,054.12 | $631.10 |
| 602343 | $67,566.55 | $67,025.62 | $540.93 |
| 602344 | $64,361.88 | $62,848.87 | $1,513.01 |
| 602354 | $45,007.41 | $44,921.08 | $86.33 |
| 602591 | $46,742.43 | $46,138.77 | $603.66 |
| 602593 | $58,644.02 | $59,370.78 | ($726.76) |
| 602596 | $43,916.70 | $43,880.51 | $36.19 |
| 602600 | $50,806.16 | $49,946.67 | $859.49 |
| 602601 | $51,573.27 | $51,699.08 | ($125.81) |
| 602603 | $48,523.56 | $47,748.79 | $774.77 |
| 602671 | $46,576.96 | $46,477.90 | $99.06 |
| 602674 | $56,199.13 | $49,826.70 | $6,372.43 |
| 602676 | $42,662.44 | $42,661.33 | $1.11 |
| 602678 | $43,481.72 | $43,844.32 | ($362.60) |
| 602679 | $54,736.33 | $54,282.93 | $453.40 |
| 602680 | $49,816.66 | $49,815.25 | $1.41 |
| 602692 | $53,981.60 | $53,969.07 | $12.53 |
| 602694 | $67,965.00 | $60,541.06 | $7,423.94 |
| 602696 | $67,519.28 | $59,277.52 | $8,241.76 |
| 602697 | $39,725.61 | $39,280.93 | $444.68 |
| 602699 | $52,499.97 | $52,944.80 | ($444.83) |
| 602700 | $60,695.90 | $60,690.86 | $5.04 |
| 602701 | $70,867.28 | $68,509.23 | $2,358.05 |
| 602703 | $45,808.11 | $45,764.72 | $43.39 |
| 602705 | $49,862.98 | $49,602.45 | $260.53 |
| 602707 | $44,666.24 | $44,614.14 | $52.10 |
| 602708 | $44,878.50 | $44,877.18 | $1.32 |
| 602709 | $73,939.15 | $73,007.66 | $931.49 |
| 602712 | $0.00 | $0.00 | $0.00 |
| 602713 | $61,193.63 | $55,058.32 | $6,135.31 |
| 602717 | $53,894.28 | $53,766.32 | $127.96 |
| 602719 | $42,579.03 | $42,578.09 | $0.94 |
| 602722 | $18,942.22 | $17,974.93 | $967.29 |
| 602726 | $75,224.39 | $85,522.02 | ($10,297.63) |
| 602727 | $41,655.30 | $41,653.88 | $1.42 |
| 602735 | $47,026.81 | $47,025.56 | $1.25 |
| 602736 | $50,235.90 | $50,548.62 | ($312.72) |
| 602737 | $52,837.53 | $52,604.17 | $233.36 |

| 602741 | $77,029.28 | $76,743.49 | $285.79 |
| 602743 | $44,298.79 | $44,297.66 | $1.13 |
| 602746 | $57,302.00 | $57,294.70 | $7.30 |
| 602747 | $51,001.35 | $50,675.15 | $326.20 |
| 602751 | $42,320.14 | $42,262.26 | $57.88 |
| 602754 | $62,365.21 | $60,095.82 | $2,269.39 |
| 602755 | $49,914.17 | $49,855.00 | $59.17 |
| 602757 | $45,180.83 | $45,176.01 | $4.82 |
| 602762 | $46,274.87 | $46,273.14 | $1.73 |
| 602771 | $46,853.48 | $46,830.70 | $22.78 |
| 602775 | $58,779.55 | $58,260.22 | $519.33 |
| 602779 | $55,878.44 | $54,326.13 | $1,552.31 |
| 602780 | $59,709.18 | $53,569.56 | $6,139.62 |
| 602782 | $43,367.56 | $43,366.61 | $0.95 |
| 602784 | $49,086.98 | $48,890.72 | $196.26 |
| 602787 | $58,149.39 | $58,147.92 | $1.47 |
| 602792 | $38,266.54 | $38,214.46 | $52.08 |
| 602795 | $52,260.95 | $51,641.61 | $619.34 |
| 602799 | $59,354.49 | $58,072.95 | $1,281.54 |
| 602801 | $49,972.96 | $49,748.88 | $224.08 |
| 602807 | $24,626.29 | $24,624.83 | $1.46 |
| 602808 | $69,505.64 | $69,190.03 | $315.61 |
| 602813 | $11,733.64 | $10,946.70 | $786.94 |
| 602814 | $98,464.31 | $114,408.91 | ($15,944.60) |
| 602818 | $45,349.24 | $46,205.39 | ($856.15) |
| 602819 | $46,121.87 | $46,070.16 | $51.71 |
| 602820 | $38,423.35 | $38,404.76 | $18.59 |
| 602822 | $59,542.21 | $53,170.94 | $6,371.27 |
| 602823 | $42,981.68 | $42,980.56 | $1.12 |
| 602825 | $43,138.19 | $43,136.98 | $1.21 |
| 602828 | $42,669.17 | $42,668.02 | $1.15 |
| 602829 | $0.00 | $0.00 | $0.00 |
| 602830 | $44,177.24 | $44,175.31 | $1.93 |
| 602833 | $0.00 | $0.00 | $0.00 |
| 602834 | $43,927.97 | $43,928.30 | ($0.33) |
| 602844 | $43,298.94 | $43,297.76 | $1.18 |
| 602846 | $36,032.76 | $35,954.82 | $77.94 |
| 602850 | $42,485.35 | $42,484.27 | $1.08 |
| 602851 | $38,321.86 | $38,272.40 | $49.46 |
| 602856 | $44,068.30 | $44,067.08 | $1.22 |
| 602857 | $51,472.10 | $50,872.94 | $599.16 |
| 602859 | $62,135.91 | $55,410.12 | $6,725.79 |
| 602861 | $49,320.28 | $49,093.23 | $227.05 |
| 602864 | $0.00 | $0.00 | $0.00 |
| 602867 | $32,608.20 | $32,413.35 | $194.85 |
| 602869 | $54,118.65 | $52,599.57 | $1,519.08 |
| 602870 | $58,817.40 | $58,815.94 | $1.46 |

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

| | | | |
|---|---|---|---|
| 602876 | $72,981.66 | $72,954.72 | $26.94 |
| 602881 | $61,547.23 | $55,623.86 | $5,923.37 |
| 602884 | $50,196.15 | $50,196.18 | ($0.03) |
| 602886 | $50,995.16 | $50,997.61 | ($2.45) |
| 602892 | $40,687.65 | $40,686.70 | $0.95 |
| 602893 | $46,889.41 | $46,867.78 | $21.63 |
| 602897 | $24,102.01 | $24,100.88 | $1.13 |
| 602902 | $70,594.58 | $64,307.62 | $6,286.96 |
| 602904 | $75,930.30 | $75,927.57 | $2.73 |
| 602908 | $43,392.32 | $43,373.61 | $18.71 |
| 602910 | $51,977.78 | $52,035.24 | ($57.46) |
| 602911 | $31,487.24 | $31,486.35 | $0.89 |
| 602915 | $42,236.89 | $42,235.79 | $1.10 |
| 602974 | $65,916.56 | $59,763.77 | $6,152.79 |
| 602981 | $49,234.77 | $43,241.08 | $5,993.69 |
| 602990 | $44,136.49 | $44,135.37 | $1.12 |
| 603009 | $43,990.39 | $43,213.10 | $777.29 |
| 603010 | $49,831.08 | $49,828.27 | $2.81 |
| 603012 | $84,906.31 | $84,283.36 | $622.95 |
| 603017 | $25,391.53 | $24,875.40 | $516.13 |
| 603025 | $52,176.47 | $51,968.43 | $208.04 |
| 603028 | $49,527.60 | $49,045.81 | $481.79 |
| 603040 | $54,700.69 | $52,949.23 | $1,751.46 |
| 603045 | $47,759.98 | $47,479.41 | $280.57 |
| 603051 | $45,749.29 | $44,619.21 | $1,130.08 |
| 603052 | $39,496.07 | $39,735.56 | ($239.49) |
| 603053 | $45,400.12 | $44,801.45 | $598.67 |
| 603054 | $45,127.10 | $44,447.18 | $679.92 |
| 603055 | $54,864.53 | $53,486.47 | $1,378.06 |
| 603057 | $40,687.58 | $43,167.49 | ($2,479.91) |
| 603058 | $41,234.96 | $40,706.08 | $528.88 |
| 603060 | $44,959.29 | $44,556.14 | $403.15 |
| 603061 | $42,118.85 | $40,602.21 | $1,516.64 |
| 603062 | $45,693.32 | $44,541.82 | $1,151.50 |
| 603063 | $43,197.34 | $42,783.27 | $414.07 |
| 603064 | $59,552.90 | $68,985.51 | ($9,432.61) |
| 603065 | $45,707.21 | $44,952.07 | $755.14 |
| 603066 | $95,855.29 | $91,974.35 | $3,880.94 |
| 603067 | $52,872.23 | $52,283.88 | $588.35 |
| 603068 | $72,072.51 | $71,776.65 | $295.86 |
| 603069 | $48,513.10 | $46,885.07 | $1,628.03 |
| 603237 | $38,171.80 | $37,936.94 | $234.86 |
| 603238 | $45,130.87 | $45,328.58 | ($197.71) |
| 603240 | $56,812.05 | $55,686.32 | $1,125.73 |
| 603241 | $51,126.85 | $50,419.98 | $706.87 |
| 603246 | $51,214.44 | $50,158.13 | $1,056.31 |
| 603247 | $41,295.87 | $40,939.95 | $355.92 |

| | | | |
|---|---|---|---|
| 603248 | $46,166.00 | $46,186.67 | ($20.67) |
| 603249 | $42,876.82 | $42,632.05 | $244.77 |
| 603252 | $54,411.80 | $53,318.72 | $1,093.08 |
| 603254 | $53,037.84 | $52,246.58 | $791.26 |
| 603255 | $60,947.87 | $59,563.08 | $1,384.79 |
| 603412 | $36,011.37 | $35,986.46 | $24.91 |
| 603496 | $34,798.16 | $34,722.57 | $75.59 |
| 603514 | $28,843.02 | $28,771.32 | $71.70 |
| 603562 | $45,844.69 | $45,365.62 | $479.07 |
| 603594 | $58,268.65 | $57,595.40 | $673.25 |
| 603609 | $46,045.15 | $45,115.70 | $929.45 |
| 603610 | $47,058.57 | $45,126.28 | $1,932.29 |
| 603615 | $48,411.96 | $48,452.90 | ($40.94) |
| 603617 | $53,399.37 | $52,244.41 | $1,154.96 |
| 603618 | $45,549.32 | $44,980.92 | $568.40 |
| 603619 | $39,119.32 | $38,770.60 | $348.72 |
| 603620 | $42,914.63 | $42,569.55 | $345.08 |
| 603621 | $36,697.25 | $35,542.80 | $1,154.45 |
| 603623 | $49,727.26 | $47,362.74 | $2,364.52 |
| 603624 | $46,472.27 | $46,038.10 | $434.17 |
| 603625 | $64,856.42 | $59,718.63 | $5,137.79 |
| 603626 | $6,165.51 | $21,230.12 | ($15,064.61) |
| 603627 | $42,996.67 | $42,699.93 | $296.74 |
| 603628 | $58,933.52 | $58,483.50 | $450.02 |
| 603629 | $49,627.50 | $48,373.62 | $1,253.88 |
| 603632 | $48,586.24 | $47,052.81 | $1,533.43 |
| 603833 | $26,697.58 | $26,696.89 | $0.69 |
| 603872 | $42,919.21 | $42,307.35 | $611.86 |
| 603873 | $38,198.85 | $37,510.89 | $687.96 |
| 603874 | $21,463.94 | $21,460.13 | $3.81 |
| 603876 | $39,317.07 | $39,619.82 | ($302.75) |
| 603877 | $56,831.91 | $56,160.38 | $671.53 |
| 603879 | $37,800.32 | $38,326.62 | ($526.30) |
| 603882 | $63,998.78 | $63,553.25 | $445.53 |
| 603887 | $53,644.59 | $52,891.32 | $753.27 |
| 603889 | $57,138.30 | $55,985.50 | $1,152.80 |
| 603890 | $48,934.99 | $47,806.25 | $1,128.74 |
| 603891 | $45,660.71 | $45,773.64 | ($112.93) |
| 603892 | $45,221.98 | $44,978.41 | $243.57 |
| 603893 | $48,996.80 | $49,000.54 | ($3.74) |
| 603895 | $51,965.42 | $51,343.13 | $622.29 |
| 603927 | $98,152.00 | $98,090.96 | $61.04 |
| 603931 | $49,938.56 | $49,646.88 | $291.68 |
| 603932 | $53,692.70 | $52,767.27 | $925.43 |
| 603946 | $58,986.14 | $58,914.04 | $72.10 |
| 604059 | $47,302.08 | $43,936.40 | $3,365.68 |
| 604167 | $47,610.99 | $44,575.08 | $3,035.91 |

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

| | | |
|---|---|---|
| 604168 | $56,951.58 | $53,719.75 | $3,231.83 |
| 604169 | $49,741.50 | $48,321.87 | $1,419.63 |
| 604173 | $49,912.09 | $48,428.96 | $1,483.13 |
| 604233 | $34,108.73 | $33,917.22 | $191.51 |
| 604241 | $28,836.35 | $28,731.14 | $105.21 |
| 604264 | $42,034.97 | $41,046.19 | $988.78 |
| 604266 | $52,652.86 | $50,905.69 | $1,747.17 |
| 604341 | $95,692.68 | $92,590.10 | $3,102.58 |
| 604346 | $39,500.56 | $39,184.88 | $315.68 |
| 604629 | $46,419.67 | $45,133.73 | $1,285.94 |
| 604641 | $46,863.28 | $45,773.01 | $1,090.27 |
| 604645 | $45,670.58 | $45,671.78 | ($1.20) |
| 604646 | $64,283.34 | $61,562.72 | $2,720.62 |
| 604689 | $55,450.71 | $54,469.53 | $981.18 |
| 604702 | $43,876.32 | $58,548.26 | ($14,671.94) |
| 604713 | $55,356.90 | $53,480.81 | $1,876.09 |
| 604715 | $47,915.73 | $47,116.56 | $799.17 |
| 604716 | $45,606.49 | $43,309.85 | $2,296.64 |
| 604724 | $54,422.22 | $53,746.91 | $675.31 |
| 604728 | $51,595.65 | $45,282.75 | $6,312.90 |
| 604734 | $46,872.31 | $44,729.44 | $2,142.87 |
| 604756 | $47,714.31 | $47,408.39 | $305.92 |
| 604757 | $41,086.38 | $40,543.21 | $543.17 |
| 604758 | $38,447.74 | $37,734.63 | $713.11 |
| 604759 | $17,079.51 | $17,452.07 | ($372.56) |
| 604761 | $47,516.48 | $47,288.77 | $227.71 |
| 604762 | $42,187.48 | $41,705.61 | $481.87 |
| 604764 | $49,116.43 | $45,560.61 | $3,555.82 |
| 604765 | $37,875.32 | $37,461.23 | $414.09 |
| 604766 | $76,534.55 | $71,495.07 | $5,039.48 |
| 604769 | $41,946.37 | $41,534.03 | $412.34 |
| 604770 | $38,518.60 | $38,779.29 | ($260.69) |
| 604771 | $47,845.61 | $45,988.16 | $1,857.45 |
| 604775 | $41,862.09 | $41,213.61 | $648.48 |
| 604777 | $51,781.92 | $50,909.65 | $872.27 |
| 604780 | $48,595.52 | $48,597.20 | ($1.68) |
| 604925 | $59,494.54 | $68,361.83 | ($8,867.29) |
| 605234 | $42,980.31 | $41,738.41 | $1,241.90 |
| 605235 | $45,821.05 | $44,814.65 | $1,006.40 |
| 605236 | $37,406.72 | $37,089.51 | $317.21 |
| 605237 | $44,716.26 | $44,337.11 | $379.15 |
| 605241 | $47,631.18 | $42,704.84 | $4,926.34 |
| 605242 | $39,418.84 | $39,412.91 | $5.93 |
| 605244 | $37,391.01 | $37,829.63 | ($438.62) |
| 605245 | $52,823.39 | $52,833.64 | ($10.25) |
| 605247 | $47,375.35 | $47,035.61 | $339.74 |
| 605249 | $33,739.64 | $33,642.74 | $96.90 |

| | | | |
|---|---|---|---|
| 605251 | $39,888.17 | $40,322.87 | ($434.70) |
| 605252 | $44,967.77 | $45,123.99 | ($156.22) |
| 605254 | $33,222.33 | $33,102.96 | $119.37 |
| 605260 | $37,326.08 | $36,590.59 | $735.49 |
| 605262 | $36,066.04 | $36,050.63 | $15.41 |
| 605263 | $43,861.90 | $40,926.65 | $2,935.25 |
| 605264 | $46,899.59 | $46,091.15 | $808.44 |
| 605265 | $65,952.62 | $65,074.43 | $878.19 |
| 605266 | $36,008.73 | $36,470.06 | ($461.33) |
| 605267 | $41,287.79 | $40,224.83 | $1,062.96 |
| 605268 | $41,062.53 | $41,282.28 | ($219.75) |
| 605269 | $39,123.87 | $38,937.18 | $186.69 |
| 605307 | $41,864.31 | $40,820.44 | $1,043.87 |
| 605407 | $62,956.97 | $57,099.79 | $5,857.18 |
| 605409 | $49,195.28 | $43,796.41 | $5,398.87 |
| 605411 | $45,618.97 | $43,152.94 | $2,466.03 |
| 605412 | $55,266.51 | $49,218.39 | $6,048.12 |
| 605414 | $64,171.09 | $57,399.19 | $6,771.90 |
| 605415 | $49,281.83 | $48,483.25 | $798.58 |
| 605418 | $49,690.74 | $44,086.32 | $5,604.42 |
| 605419 | $25,050.54 | $24,150.97 | $899.57 |
| 605454 | $45,177.27 | $46,019.39 | ($842.12) |
| 605455 | $38,576.34 | $37,755.78 | $820.56 |
| 605456 | $32,018.87 | $31,294.15 | $724.72 |
| 605457 | $95,370.91 | $83,754.70 | $11,616.21 |
| 605458 | $48,504.95 | $46,176.26 | $2,328.69 |
| 605459 | $36,464.56 | $35,768.24 | $696.32 |
| 605460 | $38,509.89 | $36,844.34 | $1,665.55 |
| 605461 | $53,558.95 | $51,849.75 | $1,709.20 |
| 605462 | $39,991.36 | $38,620.30 | $1,371.06 |
| 605463 | $44,413.01 | $43,176.78 | $1,236.23 |
| 605464 | $54,932.94 | $53,757.08 | $1,175.86 |
| 605465 | $42,543.80 | $41,600.69 | $943.11 |
| 605466 | $37,538.71 | $36,837.52 | $701.19 |
| 605467 | $34,591.55 | $34,223.99 | $367.56 |
| 605468 | $34,570.07 | $33,740.78 | $829.29 |
| 605469 | $41,915.69 | $41,178.00 | $737.69 |
| 605470 | $49,580.79 | $44,396.60 | $5,184.19 |
| 605471 | $37,980.85 | $37,364.10 | $616.75 |
| 605472 | $47,004.59 | $46,327.34 | $677.25 |
| 605473 | $40,983.38 | $40,723.53 | $259.85 |
| 605474 | $38,234.46 | $37,453.82 | $780.64 |
| 605476 | $38,207.27 | $37,633.27 | $574.00 |
| 605477 | $54,888.33 | $52,957.05 | $1,931.28 |
| 605479 | $42,104.48 | $41,214.94 | $889.54 |
| 605480 | $48,466.35 | $47,494.06 | $972.29 |
| 605481 | $40,182.64 | $38,859.93 | $1,322.71 |

| | | | |
|---|---|---|---|
| 605483 | $33,543.94 | $36,439.95 | ($2,896.01) |
| 605484 | $42,026.80 | $41,197.77 | $829.03 |
| 605485 | $37,095.73 | $36,841.82 | $253.91 |
| 605487 | $37,260.33 | $36,374.07 | $886.26 |
| 605488 | $61,420.92 | $59,844.27 | $1,576.65 |
| 605489 | $43,042.38 | $42,475.94 | $566.44 |
| 605490 | $44,950.40 | $43,231.16 | $1,719.24 |
| 605491 | $40,488.25 | $40,593.88 | ($105.63) |
| 605492 | $37,796.85 | $36,342.79 | $1,454.06 |
| 605493 | $38,242.66 | $37,627.61 | $615.05 |
| 605494 | $43,115.28 | $42,279.99 | $835.29 |
| 605495 | $53,856.78 | $47,692.56 | $6,164.22 |
| 605620 | $51,343.80 | $50,912.13 | $431.67 |
| 605752 | $63,434.40 | $56,059.39 | $7,375.01 |
| 605753 | $40,261.84 | $40,219.99 | $41.85 |
| 605754 | $39,882.10 | $39,909.09 | ($26.99) |
| 605755 | $71,029.00 | $63,055.94 | $7,973.06 |
| 605756 | $37,985.95 | $38,056.13 | ($70.18) |
| 605757 | $35,232.32 | $35,002.11 | $230.21 |
| 605758 | $47,485.14 | $46,016.11 | $1,469.03 |
| 605760 | $52,893.85 | $52,486.00 | $407.85 |
| 605761 | $38,393.13 | $38,196.63 | $196.50 |
| 605762 | $42,197.14 | $41,609.29 | $587.85 |
| 605763 | $49,893.09 | $45,054.57 | $4,838.52 |
| 605764 | $36,246.16 | $36,026.66 | $219.50 |
| 605766 | $34,255.52 | $34,335.30 | ($79.78) |
| 605767 | $42,964.14 | $42,872.11 | $92.03 |
| 605768 | $42,876.06 | $42,072.82 | $803.24 |
| 605769 | $36,301.60 | $36,201.73 | $99.87 |
| 605770 | $39,899.56 | $39,320.95 | $578.61 |
| 605771 | $43,428.10 | $42,980.00 | $448.10 |
| 605772 | $38,221.69 | $37,585.78 | $635.91 |
| 605773 | $51,609.95 | $48,578.36 | $3,031.59 |
| 605831 | $39,734.04 | $39,371.68 | $362.36 |
| 605832 | $56,881.06 | $51,175.45 | $5,705.61 |
| 605884 | $42,844.09 | $41,092.91 | $1,751.18 |
| 605953 | $70,040.07 | $62,493.93 | $7,546.14 |
| 605954 | $42,164.60 | $36,996.33 | $5,168.27 |
| 605955 | $29,870.50 | $24,409.52 | $5,460.98 |
| 605956 | $67,928.10 | $61,414.13 | $6,513.97 |
| 605957 | $105,266.92 | $94,945.13 | $10,321.79 |
| 605959 | $48,462.46 | $43,443.79 | $5,018.67 |
| 605960 | $55,505.16 | $49,807.92 | $5,697.24 |
| 605961 | $46,777.20 | $45,136.70 | $1,640.50 |
| 606019 | $55,545.04 | $53,281.97 | $2,263.07 |
| 606119 | $20,180.51 | $16,841.42 | $3,339.09 |
| 606124 | $47,935.83 | $44,932.08 | $3,003.75 |

| | | | |
|---|---|---|---|
| 606125 | $52,935.48 | $48,171.40 | $4,764.08 |
| 606170 | $29,678.93 | $27,079.95 | $2,598.98 |
| 606172 | $51,064.72 | $45,686.34 | $5,378.38 |
| 606177 | $45,475.81 | $40,407.19 | $5,068.62 |
| 606240 | $28,264.19 | $28,264.92 | ($0.73) |
| 606242 | $44,705.40 | $39,917.53 | $4,787.87 |
| 606270 | $50,736.31 | $48,021.56 | $2,714.75 |
| 606271 | $50,217.87 | $46,724.55 | $3,493.32 |
| 606278 | $47,236.42 | $43,432.40 | $3,804.02 |
| 606279 | $46,872.05 | $43,032.69 | $3,839.36 |
| 606381 | $32,921.28 | $32,563.11 | $358.17 |
| 606382 | $40,273.86 | $40,263.55 | $10.31 |
| 606383 | $51,405.48 | $50,411.25 | $994.23 |
| 606386 | $37,456.43 | $37,503.21 | ($46.78) |
| 606387 | $34,631.24 | $34,476.45 | $154.79 |
| 606388 | $46,492.57 | $45,611.98 | $880.59 |
| 606389 | $34,991.88 | $33,734.66 | $1,257.22 |
| 606392 | $37,353.36 | $37,502.77 | ($149.41) |
| 606393 | $34,793.29 | $34,592.28 | $201.01 |
| 606394 | $35,634.70 | $35,344.78 | $289.92 |
| 606397 | $36,417.86 | $36,760.29 | ($342.43) |
| 606398 | $35,923.05 | $36,296.29 | ($373.24) |
| 606399 | $39,503.28 | $39,023.45 | $479.83 |
| 606400 | $37,375.22 | $38,200.07 | ($824.85) |
| 606401 | $33,434.56 | $33,616.15 | ($181.59) |
| 606404 | $37,386.47 | $37,639.31 | ($252.84) |
| 606573 | $30,878.93 | $30,282.73 | $596.20 |
| 606707 | $33,233.35 | $32,825.22 | $408.13 |
| 606711 | $53,296.84 | $52,021.38 | $1,275.46 |
| 606713 | $35,614.83 | $35,260.24 | $354.59 |
| 606715 | $31,183.77 | $27,795.70 | $3,388.07 |
| 606717 | $53,546.81 | $46,101.72 | $7,445.09 |
| 606718 | $49,524.28 | $42,229.16 | $7,295.12 |
| 606719 | $54,274.60 | $45,203.56 | $9,071.04 |
| 606720 | $61,871.73 | $53,275.45 | $8,596.28 |
| 606721 | $37,637.68 | $37,790.46 | ($152.78) |
| 606723 | $46,938.68 | $38,963.62 | $7,975.06 |
| 606727 | $34,147.75 | $34,553.93 | ($406.18) |
| 606729 | $29,413.48 | $29,826.53 | ($413.05) |
| 606730 | $41,497.31 | $41,543.98 | ($46.67) |
| 606731 | $38,998.23 | $38,959.81 | $38.42 |
| 606732 | $41,726.53 | $41,127.74 | $598.79 |
| 606735 | $31,192.03 | $30,825.84 | $366.19 |
| 606736 | $42,226.03 | $42,215.11 | $10.92 |
| 606737 | $30,276.35 | $30,361.50 | ($85.15) |
| 606740 | $29,659.83 | $29,995.42 | ($335.59) |
| 606741 | $39,510.59 | $39,483.72 | $26.87 |

| | | | |
|---|---|---|---|
| 606742 | $31,999.27 | $31,977.54 | $21.73 |
| 606744 | $46,336.18 | $45,551.07 | $785.11 |
| 606745 | $32,852.55 | $32,495.86 | $356.69 |
| 606749 | $33,303.39 | $33,001.96 | $301.43 |
| 606750 | $34,360.42 | $33,894.00 | $466.42 |
| 606752 | $48,601.02 | $48,228.55 | $372.47 |
| 606911 | $32,851.05 | $32,487.21 | $363.84 |
| 606969 | $34,496.37 | $33,831.18 | $665.19 |
| 606971 | $31,346.38 | $30,699.80 | $646.58 |
| 606999 | $38,198.19 | $37,586.39 | $611.80 |
| 607018 | $9,481.54 | $6,711.60 | $2,769.94 |
| 607019 | $35,494.95 | $35,109.08 | $385.87 |
| 607039 | $20,579.13 | $13,799.55 | $6,779.58 |
| 607040 | $71,003.32 | $60,385.20 | $10,618.12 |
| 607041 | $52,854.50 | $42,786.95 | $10,067.55 |
| 607042 | $55,630.50 | $47,040.12 | $8,590.38 |
| 607043 | $68,780.13 | $59,489.10 | $9,291.03 |
| 607044 | $25,263.59 | $24,791.39 | $472.20 |
| 607045 | $30,837.66 | $30,007.15 | $830.51 |
| 607046 | $53,065.58 | $47,969.63 | $5,095.95 |
| 607047 | $66,795.36 | $55,948.51 | $10,846.85 |
| 607048 | $31,454.81 | $30,391.48 | $1,063.33 |
| 607049 | $31,517.62 | $30,681.94 | $835.68 |
| 607051 | $31,848.15 | $30,798.28 | $1,049.87 |
| 607052 | $33,159.48 | $32,372.02 | $787.46 |
| 607053 | $30,532.24 | $30,853.04 | ($320.80) |
| 607057 | $52,321.59 | $51,238.02 | $1,083.57 |
| 607058 | $30,145.96 | $31,051.19 | ($905.23) |
| 607061 | $32,609.58 | $31,708.73 | $900.85 |
| 607062 | $41,133.96 | $41,006.46 | $127.50 |
| 607063 | $13,296.24 | $12,767.45 | $528.79 |
| 607064 | $43,538.19 | $42,768.10 | $770.09 |
| 607065 | $90,997.74 | $73,613.85 | $17,383.89 |
| 607090 | $38,148.50 | $38,235.07 | ($86.57) |
| 607378 | $32,097.29 | $31,319.99 | $777.30 |
| 607379 | $31,728.90 | $32,193.47 | ($464.57) |
| 607381 | $59,400.22 | $50,559.83 | $8,840.39 |
| 607382 | $61,872.77 | $53,875.90 | $7,996.87 |
| 607383 | $46,586.74 | $46,948.48 | ($361.74) |
| 607384 | $50,753.26 | $42,847.80 | $7,905.46 |
| 607386 | $47,278.16 | $40,155.29 | $7,122.87 |
| 607390 | $26,459.39 | $27,963.78 | ($1,504.39) |
| 607391 | $41,990.91 | $40,558.54 | $1,432.37 |
| 607394 | $36,880.82 | $36,559.16 | $321.66 |
| 607395 | $29,955.77 | $29,885.25 | $70.52 |
| 607396 | $35,507.81 | $35,255.46 | $252.35 |
| 607398 | $29,083.37 | $28,825.69 | $257.68 |

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

| | | | |
|---|---|---|---|
| 607406 | $38,588.15 | $38,285.57 | $302.58 |
| 607408 | $37,081.56 | $36,874.82 | $206.74 |
| 607410 | $37,384.47 | $36,842.40 | $542.07 |
| 607411 | $28,952.93 | $29,303.04 | ($350.11) |
| 607414 | $39,950.00 | $39,904.70 | $45.30 |
| 607415 | $30,225.06 | $29,862.16 | $362.90 |
| 607417 | $33,080.42 | $32,790.79 | $289.63 |
| 607418 | $34,317.15 | $33,716.18 | $600.97 |
| 607419 | $30,606.78 | $30,524.11 | $82.67 |
| 607420 | $31,248.09 | $31,225.54 | $22.55 |
| 607421 | $32,150.27 | $31,628.70 | $521.57 |
| 607424 | $30,281.31 | $30,007.30 | $274.01 |
| 607430 | $29,147.39 | $29,823.91 | ($676.52) |
| 607431 | $31,118.86 | $31,385.19 | ($266.33) |
| 607432 | $36,694.18 | $36,671.15 | $23.03 |
| 607433 | $30,153.43 | $29,530.81 | $622.62 |
| 607752 | $33,431.88 | $33,693.89 | ($262.01) |
| 607754 | $20,107.04 | $24,242.71 | ($4,135.67) |
| 607756 | $30,416.79 | $31,601.52 | ($1,184.73) |
| 607757 | $33,449.62 | $32,946.03 | $503.59 |
| 607758 | $28,987.22 | $28,683.09 | $304.13 |
| 607761 | $33,263.32 | $32,297.04 | $966.28 |
| 607762 | $30,632.71 | $30,283.21 | $349.50 |
| 607763 | $31,472.46 | $30,760.82 | $711.64 |
| 607764 | $29,990.44 | $30,179.59 | ($189.15) |
| 607765 | $35,850.12 | $35,388.82 | $461.30 |
| 607766 | $27,736.95 | $27,127.37 | $609.58 |
| 607767 | $29,920.90 | $29,623.76 | $297.14 |
| 607768 | $56,421.24 | $57,189.73 | ($768.49) |
| 607770 | $27,708.12 | $27,751.69 | ($43.57) |
| 607771 | $31,875.03 | $31,590.44 | $284.59 |
| 607772 | $29,903.27 | $29,014.92 | $888.35 |
| 607773 | $30,164.81 | $29,976.50 | $188.31 |
| 607776 | $32,052.91 | $31,638.40 | $414.51 |
| 607778 | $30,148.17 | $31,380.94 | ($1,232.77) |
| 607781 | $31,628.67 | $30,830.41 | $798.26 |
| 607815 | $46,344.36 | $42,095.01 | $4,249.35 |
| 607816 | $47,314.12 | $42,293.24 | $5,020.88 |
| 607817 | $56,212.85 | $50,644.81 | $5,568.04 |
| 607824 | $45,996.63 | $42,820.12 | $3,176.51 |

EXHIBIT
6

## Back Pay Calculation

| | Total Owed | Formula Description | |
|---|---|---|---|
| | | On the 99-Hour Schedule, then Actual REG Hours = MIN(106, FRG Hours + OTR Hours + FWR Hours) | |
| | | Otherwise, Actual REG Hours = REG Hours + OTR Hours | |
| | Actual REG Hours | | #N/A |
| | | On the 99-Hour Schedule, then Non-Contractual FLSA OT Hours = MAX(0, FRG Hours + OTR Hours + FWR Hours - 106) | |
| | | Otherwise, Non-Contractual FLSA OT Hours = MAX(0, REG Hours + OTR Hours - 106) | |
| | Non-Contractual FLSA OT Hours | | #N/A |
| | Total FLSA OT Hours | | #N/A |
| If Actual REG Hours + WOR Hours > 106, then | | New WOR Hours | #N/A |
| redistribute WOR to FLSA WOT | | New FLSA WOT Hours | #N/A |
| REG Owed | | Actual REG Hours * Incentive Rate | |
| OTP FLSA Owed | | Actual OTP_F Hours * (Incentive Rate + 0.5 * Regular Rate) | |
| OTP Hourly Owed | | OTP_H Hours * Incentive Rate * 1.5 | |
| OTD Owed | | OTD Hours * Incentive Rate * 2 | |
| FWR Owed | | FWR Hours * (WOC Rate - Incentive Rate) | |
| WOR Owed | | WOR Hours * WOC Rate | |
| WOT FLSA Owed | | WOT_F Hours * (WOC Rate + 0.5 * Regular Rate) | |
| WOT Hourly Owed | | WOT_H Hours * WOC Rate * 1.5 | |
| WO2 FLSA Owed | | WO2_F Hours * (WOC Rate + Regular Rate) | |
| WO2 Hourly Owed | | WO2_H Hours * WOC Rate * 2 | |
| EPF Owed | | EPF Hours * Incentive Rate | |
| EPL Owed | | EPL Hours * Incentive Rate | |
| FFD Owed | | FFD Hours * Incentive Rate | |
| FRE Owed | | FRE Hours * Incentive Rate | |
| FMD Owed | | FMD Hours * Incentive Rate | |
| MDY Owed | | MDY Hours * Incentive Rate | |
| FPL Owed | | FPL Hours * Incentive Rate | |

| | | |
|---|---|---|
| PDL Owed | PDL Hours * Incentive Rate | |
| SCK Owed | SCK Hours * Incentive Rate | |
| FSK Owed | FSK Hours * Incentive Rate | |
| VAC Owed | VAC Hours * Incentive Rate | |
| FVA Owed | FVA Hours * Incentive Rate | |
| CFD Owed | CFD Hours * Incentive Rate | |
| HOL Owed | HOL Hours * Incentive Rate | |
| RGI Owed | (RGI Hours * Incentive Rate) or (INJ Hours * Incentive Rate) | |
| CRD Owed | Equal to CRD Pay | |
| CRM Owed | Equal to CRM Pay | |
| CRV Owed | Equal to CRV Pay | |
| ED1 Owed | Equal to ED1 Pay | |
| ED2 Owed | Equal to ED2 Pay | |
| ED3 Owed | Equal to ED3 Pay | |
| FOL Owed | Equal to FOL Pay | |
| SH3 Owed | Equal to SH3 Pay | |
| 38N Owed | Equal to 38N Pay | |
| CTO Owed | CTO Hours * Incentive Rate * 0.05 | |
| FTT Owed | FTT Hours * Incentive Rate * 0.1 | |
| HRA Owed | Equal to HRA Pay | |
| TTD Owed | Equal to TTD Pay | |
| | **Total Owed** | 0 |
| 0 | 0 | |



IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CRAIG ADAMS and JOSEPH KNOPP,  )
Individually and on Behalf of Others    )
Similarly Situated,                   )
                                  )
          Plaintiffs,       )
                                  )
vs.                            )      Case No. 19-CV-00093-W-WBG
                                  )
CITY OF KANSAS CITY, MISSOURI,  )
                                  )
          Defendant.      )

ORDER AND OPINION (1) GRANTING PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT, (2) DENYING THE CITY'S MOTION FOR SUMMARY
JUDGMENT, AND (3) DENYING PLAINTIFFS' MOTION FOR LEAVE

      Pending are Plaintiffs' Motion for Partial Summary Judgment (Doc. 556), Defendant's

Motion for Summary Judgment (Doc. 558), and Plaintiffs' Motion for Leave to File Sur-Reply

(Doc. 567). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Partial

Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **DENIES**

Plaintiffs' Motion for Leave to file Sur-Reply.

## I.    BACKGROUND

### A.    Procedural History

      Defendant City of Kansas City, Missouri ("the City") employs Plaintiffs Craig Adams and

Joseph Knopp as firefighters. In January 2019, Plaintiffs, on behalf of themselves and others

similarly situated, filed suit in the Circuit Court of Jackson County alleging the City breached a

contract and violated the Fair Labor Standards Act ("FLSA") by miscalculating overtime pay.

Doc. 1-1 at 3-11.[1] In February 2019, the City removed the matter to this Court. Doc. 1.

---

[1] The Court's page references are to the pagination applied by ECF to the parties' filings. Doc. 544.

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

In January 2020, the Honorable John T. Maughmer granted Plaintiffs' motion to conditionally certify an FLSA collective action of current and former firefighters employed by the City who received certification or incentive pay at any time since January 10, 2016. Doc. 45. Pursuant to the Court's Order, those firefighters were notified of the collective action and instructed to submit consent forms if they wanted to join the collective action. *Id.* at 7. More than 450 consent forms were submitted by April 14, 2020. Docs. 49-529, 531.

In August 2020, the City moved to decertify the collective action and asked that certain individuals be removed from the collective action. Docs. 534, 536. In addition, both parties filed summary judgment motions. Docs. 538, 540. In mid-September 2020, the parties stipulated to the dismissal of Plaintiffs'[2] breach of contract claim, and due to a scheduled mediation, the parties moved to stay briefing on the pending motions. Doc. 544-45. Judge Maughmer granted the parties' request and stayed all briefing. Doc. 546.

Although the matter was not resolved during mediation, the parties agreed to stipulate to several facts. Doc. 550 at 1. Due to the dismissal of the breach of contract claim and the parties' forthcoming stipulation of facts, the parties jointly asked the Court to find the pending summary judgment motions moot and allow the parties to submit new summary judgments motions. *Id.* at 2. On September 23, 2020, Judge Maughmer granted the request, declared the summary judgment motions moot, and set deadlines for the parties to file their stipulation of facts and new summary judgment motions. Doc. 551. The City's motions to decertify the collective action and remove individuals from the collective action (Docs. 538, 540) remained pending, and the parties continued to brief those motions.

---

[2] Hereinafter, "Plaintiffs" refers to the named Plaintiffs and members of the conditionally certified collective action.

On September 28, 2020, this matter was transferred to the undersigned. Doc. 553. And on October 19, 2020, the parties consented to the undersigned's jurisdiction. Docs. 555, 555-1. Shortly thereafter, on October 23, 2020, the parties filed cross-motions for summary judgment. Docs. 556, 558. On December 8, 2020, Plaintiffs moved for leave to file a sur-reply to Defendant's summary judgment motion. Doc. 567. On March 30, 2021, the Court denied the City's Motion to Decertify the Collective Action and granted the City's Motion to Remove Individuals from the Collective Action. Doc. 569. The Court now turns its attention to the parties' cross motions for summary judgment, and Plaintiffs' motion for leave to file a sur-reply.

**B.      Facts Applicable to the Summary Judgment Motions[3]**

The City and the International Association of Fire Fighters Local No. 42, to which Plaintiffs belong, are parties to a collective bargaining agreement ("CBA"). Doc. 554 at 1; Doc. 554-1.[4] The City pays its firefighters according to the monthly wage scales appended to the CBA. Doc. 554 at 2; Doc. 554-1 at 75-76, 112-18. Firefighters are "placed on the scales" based on "their specific rank and tenure that is commensurate with the years the member has in rank." Doc. 554 at 2; Doc. 554-1 at 75-76, 112-18.

In addition, firefighters may be entitled to wage augments for special duties, assignments, and/or certifications. Doc. 554 at 2; Doc. 554-1 at 76-78. Wage augments provide additional compensation as a percentage, ranging from three to ten percent, of a firefighter's salary or an additional amount of money, ranging from $25 to $75, per pay period. Doc. 554 at 2; Doc. 554-1 at 76-78. These wage augments and their pay codes are as follows:

---

[3] Before filing dispositive motions, the parties filed a Joint Stipulation of Facts. Doc. 554. Unless otherwise noted, this subsection incorporates the parties' stipulated facts, exhibits attached to the parties' stipulated facts, and facts submitted by the parties in their summary judgment briefing that were supported by the record and undisputed.

[4] The parties agree the Local 42 firefighters did not waive, reduce, or contract away any FLSA rights in the CBA. Doc. 554 at 1.

3

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 3 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 38 of 66

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

- Members with an associate degree "in a field reasonably related to the fire service… shall receive…$25.00 per pay period." Doc. 554-1 at 76. This "educational incentive" is pay code "ED1" and is identified as "FF ED1" on pay advices.[5] Doc. 554 at 2.

- Members with a bachelor's degree "in a field reasonably related to the [f]ire [s]ervice… shall receive…$50.00 per pay period." Doc. 554-1 at 76. This "educational incentive" is pay code "ED2" and appears as "FF ED2" on pay advices. Doc. 554 at 2.

- Members with a master's degree "in a field reasonably related to the fire service… shall receive $65.00 per pay period." Doc. 554-1 at 76. This "educational incentive" is pay code "ED3" and is designated as "FF ED3" on pay advices. Doc. 554 at 2.

- Members with a doctoral degree "in a field reasonably related to the fire service …shall receive $75.00 per pay period." Doc. 554-1 at 76. This "educational incentive" is pay code "ED4" and appears as "FF ED4" on pay advices. Doc. 554 at 2.

- Hazardous Materials ("HazMat") Team members "who achieve and maintain the operational level of training and certification shall receive additional pay of three percent (3%) above what his/her salary would otherwise be." Doc. 554-1 at 77. This "certification incentive" is pay code "HZ1" and is listed as "HAZ1 FIRE" on pay advices. Doc. 554 at 3.

- HazMat Team members "who achieve and maintain the technical level of training and certification shall receive additional pay of five percent (5%) above what his/her salary would otherwise be." Doc. 554-1 at 77. This "certification incentive" is pay code "HZ2" and is included as "HAZ2 FIRE" on pay advices. Doc. 554 at 3.[6]

- Aircraft Rescue and Firefighting ("ARFF") Division members "who achieve and maintain the required ARFF training and certification shall receive additional pay of five percent (5%) above what their salary would otherwise be." Doc. 554-1 at 77, 97. This "certification incentive" is pay code "AR1" and is identified as "FF AR1 5%" on pay advices. Doc. 554 at 3.

- "Members assigned to Pumpers 8, 9, [and] 25" and District 102 District Safety Officers ("DSOs") who "achieve and maintain the required ARFF training and certification shall receive additional pay of three percent (3%) above what their salary would otherwise be." Doc. 554 at 3; Doc. 554-1, at 77. This "certification incentive" is pay code "AR2" and is designated as "FF AF2 3%" on pay advices. Doc. 554 at 3.

- Members "assigned to Pumper 16 shall receive additional pay of five percent (5%) above what their salary would otherwise be, if they have participated in ARFF training." Doc. 554 at 3-4; Doc. 554-1 at 77. This "assignment bonus" is pay code "P16" and appears on pay advices as "FF P16 5%." Doc. 554 at 3-4.

---

[5] "Pay advices" are akin to paystubs. *See* Doc. 554-1 at 14; Doc. 559 at 13, 17, 23; Doc. 559-1 at 6-7; Doc. 559-16 at 1; Doc. 559-17 at 1; Doc. 559-18 at 1.

[6] The parties agree Plaintiff Adams was entitled to this five percent certification incentive. Doc. 561 at 19.

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

- Rescue Division members "shall receive additional pay of five percent (5%) above what their salary would otherwise be." Doc. 554 at 4; Doc. 554-1 at 77. This "assignment bonus" is pay code "RSC" and is identified as "RESCUE" on pay advices. Doc. 554 at 4.

- Credentialed members "permanently assigned to a cross trained dual role ALS [advanced life-saving][7] company...shall receive three percent (3%) bonus pay." Doc. 554 at 4; Doc. 554-1 at 78. This "assignment bonus" is pay code "SQA" and appears on pay advices as "Squad Ince." Doc. 554 at 4.[8]

- "Members who have successfully completed a language proficiency assessment of a foreign language or American Sign Language...shall receive $50.00 per pay period." Doc. 554 at 4; Doc. 554-1 at 78. This certification incentive is pay code "FOL," and it is designated as "Foreign La" on pay advices. Doc. 554 at 4.

- Members serving as field training officers or instructors in specified areas receive additional pay of ten percent (10%) above what their salary would otherwise be. Doc. 554 at 4; Doc. 554-1 at 77. This "assignment bonus" is pay code "TRG," and it is listed as "FF TRG 10%" on pay advices. Doc. 554 at 4.

The CBA pronounces the wage augments "shall not be regarded as wages." Doc. 554-1 at 76.

Nonetheless, the parties stipulate the wage augments are considered "remuneration" and are included in the "regular rate" as defined by the FLSA. Doc. 554 at 4.

According to the CBA and the parties' stipulation, firefighters assigned to 24-hour shifts "shall average 49.5 hours per week."[9] Doc. 554 at 1; Doc. 554-1 at 40. And firefighters' "normal FLSA work period" is twenty-eight days. *Id.* Regarding overtime, both the CBA and the parties' stipulation proclaim firefighters "shall receive overtime pay at the rate of time-and-one-half for all hours actually worked in excess of 212 hours in any 28-day work period." Doc. 554 at 1-2; Doc. 554-1 at 40; Doc. 564 at 12.

---

[7] The CBA states ALS is the acronym for "Advanced Life Support" (Doc. 554-1 at 78), but the parties suggest ALS stands for "advanced life-saving" (Doc. 554 at 4). The difference in wording is minor and does not impact the Court's rulings. To avoid confusion, the Court uses the parties' phrasing.

[8] The parties agree Plaintiff Knopp was entitled to this three percent assignment bonus. Doc. 561 at 20.

[9] The Court's reference to "firefighters" pertains only to those firefighters who work 24-hour shifts.

5

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 5 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 40 of 66

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

The City pays its firefighters every two weeks. Doc. 554 at 5. Initially, the City pays a firefighter his or her "base hourly rate,"[10] as calculated by the City, for all hours worked during the preceding two-week pay period. *Id.* Then, at the end of every other pay period, the City performs an FLSA "lookback" to determine if a firefighter worked more than 212 hours during the preceding 28-day period. *Id.*; *see also* Doc. 554-2. After the City performs its FLSA lookback, it pays a "premium rate" for hours worked in excess of 212 hours during the preceding 28-day period. Doc. 554 at 5.

Most relevant to the pending motions is the City's treatment of wage augments. The City pays wage augments for the first 99 hours that a firefighter works in a two-week pay period. *Id.*; Doc. 564 at 10. But the City does not pay wage augments for any hours, including overtime, that a firefighter works over 99 hours in a two-week pay period. *Id.* The issue raised in the parties' summary judgment motions is the City's calculations of Plaintiffs' regular rate and overtime compensation. *See* Docs. 556-59.[11]

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042-43 (8th Cir. 2011) (citations omitted). To support its assertion that no genuine

---

[10] In the joint stipulation of facts and throughout the briefing, the parties employ phrases such as base hourly rate, hourly rate, regular hourly rate, weekly salary, weekly wage, fixed salary, flat salary, premium rate, premium portion, and base pay. *See, e.g.*, Doc. 554 at 5; Doc. 557 at 6-8, 10, 12, 14; Doc. 559 at 7-8, 15-25, 27-28; Doc. 560 at 6-13, 15-19; Doc. 561 at 10-13, 15-18, 20-26, 31-33; Doc. 562 at 6, 8-11, 13-14; Doc. 564 at 10, 13-14, 16. At times, the meanings of the phrases are unclear. Here, the Court uses the parties' terminology. However, in its discussion of the pending motions, the Court explains the parties' calculations and the amounts paid, applies the FLSA's terminology when applicable, and explains phrases susceptible to alternative meanings.

[11] The City seeks summary judgment in its favor on all issues. Docs. 558-59. Plaintiffs seek summary judgment in their favor on the issue of liability. Docs. 556-57.

dispute of material fact exists, the movant must cite "to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also* Fed. R. Civ. P. 56(c)(3)-(4), (e); L.R. 56.1(a), (d). In response, the nonmovant must set forth facts, supported by evidence, demonstrating a genuine issue for trial; showing the movant's cited materials "do not establish the absence…of a genuine dispute" or the movant "cannot produce admissible evidence to support the fact"; and/or objecting "that the material cited…cannot be presented in a form…admissible in evidence." Fed. R. Civ. P. 56(c)(1)-(2); *see also* Fed. R. Civ. P. 56(c)(3)-(4), (e); L.R. 56.1(b), (d).

When considering a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *See Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). The Court, however, is not permitted to make credibility determinations or weigh evidence. *Id.* Rather, the Court must consider the record as a whole. If the record "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)); *see also Lissick v. Andersen Corp.*, 996 F.3d 876, 882 (8th Cir. 2021) (citation omitted).

### B.    The FLSA, its Applicability to Firefighters, and the Partial Exemption

The FLSA was enacted in 1938 "to protect all covered workers from substandard wages and oppressive working hours…." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). Specific to working hours, the FLSA created a forty-hour workweek with employees receiving additional compensation for working overtime. 29 U.S.C. § 207(a)(1). To properly compensate an employee for time worked in excess of forty hours, the employee must be paid "at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* As explained by the Supreme Court, the FLSA's overtime provision is meant "to compensate those

7

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 7 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 42 of 66

who labored in excess of the statutory maximum number of hours for the wear and tear of extra work." *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948).

Because fire protection services do not necessarily fit the normal pattern of a forty-hour workweek, a partial overtime pay exemption was made available to public agencies employing fire protection services personnel. H. Educ. & Labor Comm., Fair Labor Standards Amendment of 1974, H. Rep. No. 93-913 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837; 29 U.S.C. § 207(k); *see also Christian v. City of Gladstone*, 108 F.3d 929, 931 (8th Cir. 1997). The partial exemption "accommodates the inherently unpredictable nature of firefighting…by permitting public employers to adopt work periods longer than one week." *O'Brien v. Town of Agawam*, 350 F.3d 279, 290 (1st Cir. 2003) (citations omitted). A public agency employing fire protection services personnel does not violate the FLSA if "in a work period of 28 consecutive days," a firefighter receives "compensation at a rate not less than one and one-half times the regular rate at which he is employed" for all time during which the firefighter is on duty in excess of 212[12] hours. 29 U.S.C. § 207(k)(1); *see also* 29 C.F.R. §§ 553.220(a) (defining "tour of duty"), 553.221(b) (explaining "compensable hours of work"), and 553.232 (setting forth overtime pay requirements).

For the partial exemption to apply, the employer must be a public agency, the employees must be engaged in fire protection services, and the employer must adopt a qualifying work period. 29 U.S.C. § 207(k); 29 C.F.R. § 553.224(a) (defining a qualifying work period as "any established and regularly recurring period of work which…cannot be less than 7 consecutive days nor more than 28 consecutive days."). Neither party disputes the City is a public agency or that Plaintiffs engage in fire protection services. Pursuant to the CBA and the parties' stipulation, the firefighters

---

[12] 29 U.S.C. § 207(k) indicates 216 hours is the standard; however, the federal regulations state "the 216-hour standard has been replaced…by 212 hours for fire protection employees." 29 C.F.R. §§ 553.201(a), 553.230(a).

8

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

"normal FLSA work period" is twenty-eight days, which is a qualifying work period.  Doc. 554 at

1; Doc. 554-1 at 40.  Based on the foregoing, the partial exemption in section 207(k) applies.

### C.     Regular Rate of Pay Under the FLSA

Before addressing whether the firefighters were properly compensated for overtime, the

Court must determine the firefighters' regular rates of pay under the FLSA.  "The regular rate of

pay calculation is critical because it provides the base point from which the firefighters' overtime

compensation is calculated."  *Acton v. City of Columbia*, 436 F.3d 969, 976 (8th Cir. 2006); *see

also Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) ("The keystone

of Section 7(a) is the regular rate of compensation.  On that depends the amount of overtime

payments which are necessary to effectuate the statutory purposes."); 29 U.S.C. § 207(k)(1).

### (1) What is Included in the Regular Rate of Pay?

As stated by the Supreme Court and recently reiterated by the Eighth Circuit, the regular

rate is "the hourly rate actually paid the employee for the normal, non-overtime [work period][13]

for which he is employed."  *Youngerman-Reynolds*, 325 U.S. at 424; *Zimmerli v. City of Kansas

City*, 996 F.3d 857, 863 (8th Cir. 2021) (quoting *Youngerman-Reynolds*, 325 U.S. at 324); *see also*

29 C.F.R. § 778.108.  The regular rate must include "all remuneration for employment paid to, or

on behalf of, the employee."  29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *see also Youngerman-

Reynolds*, 325 U.S. at 424.  The parties agree a firefighter's regular rate of pay includes his or her

monthly salary.  Doc. 554 at 2; Doc. 554-1 at 75-76, 112-18.

Determining an employee's regular rate of pay does not necessarily conclude with an

employee's salary.  The FLSA requires other compensation be included in the regular rate of pay

if the parties agreed the other compensation "shall be received regularly" during the work period,

---

[13] When section 207(k) applies, "workweek" is substituted with "work period."  29 C.F.R. § 553.233.

"exclusive of overtime payments." *Youngerman-Reynolds*, 325 U.S. at 424. According to the Eighth Circuit, "[t]here is a statutory presumption that remuneration in any form is included in the regular rate calculation," and the employer has the burden "to establish that the remuneration in question falls under an exception." *Acton*, 436 F.3d at 976 (quotations and citation omitted).

Most relevant to this matter, the federal regulations declare the regular rate of pay must include non-discretionary bonuses paid to an employee, bonuses promised to the employee upon hiring, and bonuses that are the result of collective bargaining. 29 C.F.R. §§ 778.208, 778.211(c); *see also* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Sept. 30, 1999); U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (Aug. 26, 1986). In addition to the federal regulations, several courts have determined shift differential pay, longevity bonus or incentive, fitness pay, career incentive, duty availability pay, educational incentive, specialty pay, assignment differential pay, bilingual pay, and certification pay are remuneration and must be included in the regular rate of pay. *See, e.g., Bay Ridge Operating*, 334 U.S. at 468-69; *Albers v. Board of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 704-05 (10th Cir. 2014); *Wheeler v. Hampton Twp.*, 399 F.3d 238, 247-48 (3d Cir. 2005); *O'Brien*, 350 F.3d at 294-97; *Featsent v. City of Youngstown*, 70 F.3d 900, 904-05 (6th Cir. 1995); *Thomas v. Howard Univ. Hosp.*, 39 F.3d 370, 372 (D.C. Cir. 1994); *McGrath v. City of Somerville*, 419 F. Supp. 3d 233, 252-53 (D. Mass. 2019); *Shepard v. City of Waterloo*, No. 14-CV-2057-LRR, 2015 WL 9165915, at *13 (N.D. Iowa Dec. 16, 2015); *Carabello v. City of Chicago*, 969 F. Supp. 2d 1008, 1015-17 (N.D. Ill. 2013); *Moss v. City of San Bernardino*, No. EDCV 07-1027-JTM, 2011 WL 13175467, at *8 (C.D. Cal. Mar. 22, 2011); *Murphy v. Town of Natick*, 516 F. Supp. 2d 153, 157 (D. Mass. 2007); *Theisen v. City of Maple Grove*, 41 F. Supp. 2d 932, 938-39 (D. Minn. 1999).

Contrary to the federal regulations and the common law, the CBA declares special duty, assignment, and certification wage augments "shall not be regarded as wages." Doc. 554-1 at 76.

But the CBA does <u>not</u> supplant the FLSA. As stated by the Supreme Court, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine*, 450 U.S. at 740 (citation omitted); *see also Bay Ridge Operating*, 334 U.S. at 464 (holding the regular rate "cannot be left to a declaration by the parties as to what is to be treated as the regular rate"); *Youngerman-Reynolds*, 325 U.S. at 425 (finding the regular rate is "unaffected by any designation of a contrary 'regular rate' in the wage contracts."); 29 C.F.R. § 778.108.

Instead, this Court must "look beyond that which the parties have purported to do" in the CBA. *Zimmerli*, 996 F.3d at 863. The regular rate must "be drawn from what happens under the employment contract." 29 U.S.C. § 207(e); 29 C.F.R. § 778.108 (citation omitted). In this case, the wage augments are nondiscretionary and guaranteed under the CBA, and thus, are remuneration for employment under the FLSA. Perhaps because the law is unambiguous, the parties agree the firefighters' regular rate under the FLSA must include special duty, assignment, and certification wage augments. Doc. 554 at 4. The Court agrees with the parties – the wage augments must be included in the firefighters' regular rate of pay.

### (2) What is Excluded from the Regular Rate of Pay?

Only eight types of payment are excluded from the regular rate of pay. 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.108, 778.200, 778.208-.215. The employer bears the burden of establishing any "remuneration in question falls under an exception." *Acton*, 436 F.3d at 976 (quotations and citation omitted). The City does not contend the wage augments fit an exception. Doc. 557 at 9. Instead, the City admits the regular rate under the FLSA includes the wage augments. Doc. 554 at 4. Accordingly, no remuneration for employment paid to or on behalf of an employee is excluded from the firefighters' regular rate of pay. 29 U.S.C. § 207(e); 29 C.F.R. § 778.200(c).

**D.      Calculating the Regular Rate of Pay**

With the parties' agreement that wage augments must be included, the Court now turns to calculating the regular rate of pay.  While the FLSA "does not require employers to compensate their employees on an hourly rate basis," the regular rate of pay "must be computed on the basis of the hourly rate derived therefrom." 29 C.F.R. § 778.109.  Thus, "it is necessary to compute the regular hourly rate…during each work week." *Id.*

If employees, such as Plaintiffs, are paid a monthly salary, the monthly salary "must be reduced to its workweek equivalent" before determining the regular rate of pay. *Id.* § 778.113(b); *Zimmerli*, 996 F.3d at 865 (stating 29 C.F.R. § 778.113 "sets the standard for determining the regular rate of an employee employed solely on a salaried basis.").  Pursuant to the federal regulations, an employee's monthly salary is multiplied by 12 (number of months) and divided by 52 (number of weeks) to calculate the workweek equivalent. 29 C.F.R. § 778.113(b).  Then, the employee's "total remuneration for employment…in any workweek" is divided "by the total number of hours actually worked by [the employee] in that workweek for which such compensation was paid" to determine the employee's regular rate of pay. *Id.* § 778.109.

According to the CBA and the parties' stipulation, firefighters "shall average 49.5 hours per week." Doc. 554 at 1; Doc. 554-1 at 40.  The City calculates the firefighters' hourly rate by multiplying an individual's monthly salary by twelve (number of months) and dividing by 2,574 (52 weeks multiplied by 49.5 hours per week). Doc. 554 at 5.  For example, in March 2019, the City calculated Plaintiff Adams's base hourly rate by first multiplying his monthly salary ($6,336.00)[14] by 12, arriving at a total of $76,032.00. Doc. 559 at 16-17.  Next, the City divided

---

[14] In response to the City's summary judgment motion, Plaintiffs disputed Adams's monthly salary was limited to $6,336 and maintained the monthly salary must include Adams's wage augment. Doc. 561 at 19. In support, Plaintiffs relied on the CBA, which states, "Members of the Hazardous Materials Team who achieve and maintain the technician level of training and certification shall receive additional pay of five percent (5%) above what his/her salary would otherwise be." Doc. 561-2 at 77. In its reply, the City contended Plaintiffs' representation was argument and should

12

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 12 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 47 of 66

$76,032.00 by 2,574, resulting in a quotient of $29.538502. *Id.* The City deemed $29.54 as Adams's "base hourly rate"[15] and paid the base hourly rate for all hours worked through 212 hours during the pay period. Doc. 554 at 5; *see also* Doc. 560 at 9.

In addition, the City paid Adams's five percent wage augment for the first 99 hours worked during the pay period. Doc. 554 at 5; Doc. 559 at 17-18. The City calculated Adams's wage augment by multiplying his base hourly rate by five percent, arriving at $1.476925 per hour. Doc. 559 at 17; Doc. 560 at 10. Thus, the City paid Adams $31.02 (base hourly rate plus wage augment) per hour for the first 99 hours of the pay period. Doc. 560 at 9.[16] The parties agree that, for the pay period at issue, Adams's regular rate of pay was $31.02.[17] Doc. 560 at 9; Doc. 561 at 31; Doc. 562 at 9.

The City performed a similar calculation related to Plaintiff Knopp in June 2018. Doc. 559 at 23-24. At that time, Knopp's monthly salary was $5,387.00. *Id.* at 23. The City multiplied his monthly salary by twelve, and then divided the product by 2,574, arriving at a "base hourly rate"

---

be disregarded. Doc. 564 at 10. However, in response to the "argument," the City stated, "the specialty pay should not be regarded as wages, so it does not set a 'new base.'" *Id.* Contrary to the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules, the City did not cite anything in support of its position. *Id.; see also* Fed. R. Civ. P. 56(c)(1)(A); L.R. 56.1(b)(1). Nevertheless, the City seems to rely on the CBA, which states special duty, assignment, and certification pay "shall not be regarded as wages." Doc. 554-1 at 76. But, as set forth *supra*, section II(C)(1), neither a declaration by the parties nor a CBA may designate what the "regular rate" is under the FLSA. *See Barrentine*, 450 U.S. at 740; *Bay Ridge Operating*, 334 U.S. at 464; *Youngerman-Reynolds*, 325 U.S. at 425; 29 C.F.R. § 778.108. The wage augments, as detailed by this Court, must be included in the "regular rate."

[15] The "base hourly rate" did not include wage augments, and thus, it is not the regular rate of pay under the FLSA.

[16] Regarding this pay period, Adams also worked "out of class," or at a higher job classification than the one in which he is employed, during one of his scheduled shifts. Doc. 559 at 18. According to the City, Adams was entitled to the difference between his base pay and the higher hourly pay of the position in which he worked. Doc. 559 at 18. The difference was $1.63, and therefore, Adams was paid an additional $1.63 for the twenty-four hours he worked "out of class." *Id.*

[17] Plaintiffs argue the City should have added Adams's five percent wage augment to his monthly salary (for a total of $6,652.80) *before* conducting further calculations to arrive at the regular rate. Doc. 561 at 31. Nonetheless, both Plaintiffs and Defendant arrive at the same regular rate: $31.02. Doc. 559 at 17-18; Doc. 561 at 31. The Court also reached the same regular rate but in a different fashion. Pursuant to 29 C.F.R. § 778.113(b), the Court first multiplied Adams's monthly salary ($6,336.00) by twelve. Then, the Court divided the resulting product ($76,032.00) by fifty-two. The quotient, $1,462.15, represents the base weekly salary. To include "total remuneration for employment" for the workweek, the Court then added the five percent wage augment to the weekly salary, for a total of $1,535.26. *Id.* § 778.109. To arrive at Adams's regular rate, the Court divided $1,535.26 by 49.5, which, according to the CBA, is the average number of hours a firefighter works per week. The Court also arrived at a regular rate of $31.02.

13

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 13 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 48 of 66

of $25.114260. *Id.* The City paid Knopp the base hourly salary for all hours worked through 212 hours during the pay period. *Id.* at 24-25; Doc. 554 at 5.

In addition, the City paid Knopp's three percent wage augment for the first 99 hours he worked during the pay period. Doc. 554 at 5; Doc. 559 at 23. The City determined Knopp's wage augment was $0.753428. Doc. 559 at 23. So, for the first 99 hours of the pay period, the City paid Knopp $25.87 (base hourly rate plus wage augment) per hour. *Id.* Plaintiffs do not dispute the City's calculation of Knopp's regular rate of pay during the relevant pay period was $25.87. *See* Doc. 561.

Plaintiffs admit the wage augments are included in the remuneration for the FLSA regular rate calculations when the City pays them for the first 99 hours worked in each pay period. Doc. 561 at 5-8, 11. But Plaintiffs allege the City fails to use the regular rate and include wage augments when calculating their compensation for overtime hours worked. *Id.*

### E.     Calculating Overtime Pay

Pursuant to the FLSA, the City will not be deemed to have violated 29 U.S.C. § 207(a) if "in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed…212[18] hours…compensation at a rate not less than one and one-half times the regular rate at which is employed." 29 U.S.C. § 207(k)(1). For every two-week pay period, the City pays firefighters their "base hourly rate," which is the hourly rate calculated by the City and does not include wage augments, for all hours worked during the pay period. Doc. 554 at 5. As discussed above, the City pays the wage augments for the first 99 hours worked during the pay period. *See supra*, section III(D).

---

[18] As previously noted, 29 U.S.C. § 207(k) indicates 216 hours is the standard; however, the federal regulations state "the 216-hour standard has been replaced…by 212 hours for fire protection employees." 29 C.F.R. §§ 553.201(a), 553.230(a).

14

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 14 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 49 of 66

**(1) Payment of the Regular Rate for Overtime Worked**

Because overtime hours must be paid at one and one-half times the regular rate, the Court first must determine whether firefighters were paid the "one times" the regular rate for overtime hours worked. Although 29 U.S.C. § 207(k) requires the City to pay "no[ ] less than one and one-half times the regular rate" for hours worked in excess of 212 hours during a 28-day period, the City does not pay the FLSA regular rate of pay for overtime hours worked. This is because the City does not pay wage augments for any time worked over 99 hours, including overtime hours worked, during a pay period. Doc. 554 at 5.

The City argues the firefighters are paid a salary, and the salary is intended to compensate the firefighters for working 49.5 hours per week. Doc. 560 at 16. According to the City, if a firefighter "chooses to work beyond those 49.5 hours in a week," the firefighter is paid the base hourly rate. *Id*. The firefighter is not paid the wage augment because the wage augment "pay is only to be awarded in addition to the *salary*, not for hours worked beyond what the salary covers." *Id*. at 16-17. The City, however, cites no authority for this proposition. *See id.*

Instead, the City directs the Court's attention to the CBA, which indicates the wage augments are not to be regarded as "wages." *Id*. at 17; Doc. 544-1 at 76. This argument is without merit and ignores the precedent this Court must follow. *See Barrentine*, 450 U.S. at 740 (holding "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."). The City's failure to pay the regular rate (i.e., the "one…times the regular rate") for hours worked in excess of 212 hours during a 28-day period violates the FLSA. 29 C.F.R. § 778.107 ("The general overtime pay standard in section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed."); 29

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

C.F.R. § 778.108 (stating the "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee").

Because, at a minimum, the City failed to pay the regular rate (i.e., the "one…times the regular rate") for hours worked in excess of 212 hours during a 28-day period, and thus, violated the FLSA, the Court **DENIES** the City's motion for summary judgment on the issue of whether it violated the FLSA and **GRANTS** Plaintiffs' motion for partial summary judgment.

### (2) Payment of One-Half Times the Regular Rate for Overtime Worked

The Court now turns to the "one-half times the regular rate" for overtime compensation. The City maintains it does not violate the FLSA with regard to the "premium rate" paid for overtime hour worked. At the end of every other pay period, the City performs an FLSA "lookback" to determine if a firefighter worked more than 212 hours during the preceding 28-day period. Doc. 554 at 5; *see also* Doc. 554-2. After the City performs its FLSA lookback, it pays a "premium rate" for hours worked in excess of 212 hours during the preceding 28-day period. Doc. 554 at 5. The "premium rate" is calculated by dividing "all remuneration for the week" by all hours worked in the week. Doc. 559 at 22. The City contends it includes the wage augments in calculating the "premium rate" paid for overtime hours. *Id.* at 19-20.

By way of example, the City analyzed Plaintiff Adams's pay for the 28-day work period from February 17, 2019, through March 16, 2019. *Id.* at 20-22; Doc. 560 at 9-10. During this 28-day work period, Adams worked 118.7 hours in excess of 212 hours. Doc. 559 at 21; Doc. 560 at 11. Because Adams was already paid his "base hourly rate" of $29.538502 for those 118.7 hours, the previously paid amount of $3,506.22 ($29.538502 x 188.7) was deducted from his pay. Doc. 559 at 21-22; Doc. 560 at 10-11.

To determine Adams's "premium rate" for overtime hours worked, the City divided "all remuneration for the week," which it determined was $2,974.44, "by all hours worked in the

week," which it found was 96.9 hours. Doc. 559 at 22; Doc. 560 at 10. It is unclear as to how the City arrived at or decided to use 96.9 hours. The calculations set forth in the City's briefing suggests the City was looking at one particular week to determine the "premium rate." Doc. 559 at 22; Doc. 560 at 10. If the Court's assumption is correct, the City does not explain why it chose that week and why it was permitted to choose that week, particularly when it is conducting a 28-day lookback to determine overtime hours and pay. The City also does not indicate if it recalculates the "premium rate" for overtime hours worked by an employee each week.

Nevertheless, the City determined Adams's premium rate was $30.70 per hour ($2,974.44 divided by 96.9). Doc. 559 at 22; Doc. 560 at 10-11. Because Adams was already paid the base hourly rate for his overtime hours, the City multiplied his 118.7 overtime hours by 0.5 (for the one-half premium) and then multiplied by $30.70 for a total of $1,821.80. Doc. 559 at 22-23; Doc. 560 at 10-11. According to the City, this amount represents Adams's premium pay for overtime hour worked. Doc. 559 at 22-23; Doc. 560 at 10-11. Given the lack of clarity and information in the City's briefing, the Court is unable to determine if the City's calculations with regard to the "one-half times" the regular rate are correct. Nevertheless, the Court has already determined the City violated the FLSA by miscalculating the first portion (i.e., the regular rate) of the overtime compensation to be paid to the firefighters.

### (3) The Fluctuating Workweek Method of Calculating Overtime

The City contends its overtime pay calculations are correct because it uses the fluctuating workweek method. The United States Department of Labor provides different methods, including the fluctuating workweek method, to calculate overtime compensation while still complying with the FLSA. 29 C.F.R. § 778.114. Before delving into the specifics of the method, the Court must first address the parties' disagreement as to whether Plaintiffs may raise arguments about the City's method of calculating overtime pay.

17

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 17 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 52 of 66

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

**(a) Plaintiffs' Arguments About the City's Calculation Method**

In its summary judgment motion, the City explained it employed a fluctuating workweek when calculating overtime, and thus, "all time (including overtime hours) is paid at the base hourly rate and then, during the lookback, overtime hours are paid at a premium rate." Doc. 559 at 14-15 (citing 29 C.F.R. § 778.114(a)). In response, Plaintiffs argued the City improperly uses the fluctuating workweek to calculate their overtime and examined why the fluctuating workweek could not be utilized. Doc. 561 at 27-37. In its reply, the City maintained Plaintiffs could not raise arguments about the fluctuating workweek because they did not plead the City impermissibly employed the fluctuating workweek, and thus, cannot inject a new claim in response to a summary judgment motion. Doc. 564 at 18-22. While it cited several cases for the proposition that a party may not raise new claims during summary judgment briefing, the City did not identify a single case supporting its proposition that Plaintiffs' purported failure to plead the City impermissibly employed the fluctuating workweek prohibited them from raising any argument related to the City's use of the fluctuating workweek. *See id.*

Upon receipt of the City's reply, Plaintiffs moved for leave to file a sur-reply to address, among other things, the City's argument that Plaintiffs failed to plead the fluctuating workweek method was impermissible, and therefore, could not raise a dispute as to the City's use of the method. Doc. 567. Plaintiffs also emphasized the City, in its reply, identified new legal arguments, which were not raised in its summary judgment motion. *Id.* Contrary to the Court's Local Rules, Plaintiffs failed to attach their proposed sur-reply to their motion for leave. *See* L.R. 15.1(a)(2). For this reason, the Court **DENIES** Plaintiffs' motion for leave to file a sur-reply. Regardless, the sur-reply is not necessary for the Court to address the issue at hand.

In their Petition, Plaintiffs alleged the City failed to pay overtime wages "of at least one and one-half times" their pay rates, and the City improperly calculated their overtime rate. Doc.

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

1-1 at 3-4, 6-9. While Plaintiffs did not identify an overtime calculation method by name, they claim, no fewer than six times, that the City improperly calculated and failed to pay their overtime compensation at one and one-half times the regular rate. *Id.* at 3, 5-9. Similar to the City, the Court cannot locate authority to support the City's argument that Plaintiffs cannot raise an argument as to City's method of calculating overtime compensation, particularly in light of the allegations in their Petition that the City improperly determined and did not pay the proper overtime compensation rate.

In its reply, the City also argued it "is severely prejudiced in its defense by the conditional class injecting the 'illegality' of the use of the fluctuating work week at this later date." Doc. 564 at 21. But this argument ignores Plaintiffs' allegation that the City improperly calculated their overtime pay. It also overlooks that there is more than one method for calculating overtime compensation. *See* 29 C.F.R. §§ 788.110-.122. And, as discussed below, the City has the burden of establishing it properly employed the fluctuating workweek method. For these reasons, the Court rejects the City's contention that Plaintiffs cannot raise arguments as to the legality of the fluctuating workweek method in this matter.

### (b) Requirements for Using the Fluctuating Workweek Method

The City does not ask the Court to enter summary judgment in its favor with regard to its use of the fluctuating workweek method. *See* Docs. 558-59. Nor do Plaintiffs move for summary judgment the issue. *See* Doc. 556-57. Nonetheless, because much time was spent on the issue in the parties' briefing and the issue inevitably will resurface in this matter, the Court will briefly address the issue. To use the fluctuating workweek method to compute overtime compensation, the employer must establish the following:

(1)    The employee works hours that fluctuate from week to week;

(2)    The employee receives a fixed salary that does not vary with the number of hours worked in the workweek, whether few or many;

(3) The amount of the employee's fixed salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours the employee works is greatest;

(4) The employee and the employer have a clear and mutual understanding that the fixed salary is compensation (apart from overtime premiums and any bonuses, premium payments, commissions, hazard pay, or other additional pay of any kind not excludable from the regular rate under section 7(e)(l) through (8) of the Act) for the total hours worked each workweek regardless of the number of hours, although the clear and mutual understanding does not need to extend to the specific method used to calculate overtime pay; and

(5) The employee receives overtime compensation, in addition to such fixed salary and any bonuses, premium payments, commissions, hazard pay, and additional pay of any kind, for all overtime hours worked at a rate of not less than one-half the employee's regular rate of pay for that workweek. Since the salary is fixed, the regular rate of the employee will vary from week to week and is determined by dividing the amount of the salary and any non-excludable additional pay received each workweek by the number of hours worked in the workweek. Payment for overtime hours at not less than one-half such rate satisfies the overtime pay requirement because such hours have already been compensated at the straight time rate by payment of the fixed salary and non-excludable additional pay. Payment of any bonuses, premium payments, commissions, hazard pay, and additional pay of any kind is compatible with the fluctuating workweek method of overtime payment, and such payments must be included in the calculation of the regular rate unless excludable under section 7(e)(1) through (8) of the Act.

29 C.F.R. § 778.114(a).

Plaintiffs assert the fifth "condition" "is not at issue in this case" (Doc. 561 at 29 n.6), but it is the fifth requirement that gives the Court pause. This requirement states the regular rate "is determined by dividing the amount of the salary and any non-excludable additional pay received each workweek by the number of hours worked in the workweek." *Id.* § 778.114(a)(5). It also emphasizes "[p]ayment of any bonuses, premium payments, commissions, hazard pay, and additional pay of any kind…must be included in the calculation of the regular rate." *Id.* Contrary to this requirement, the firefighters are not paid the regular rate of pay for overtime hours worked because their wage augments are never included in the regular rate of pay for overtime hours

worked. Doc. 554 at 5 ("The City does not pay the augment for hours worked over 99 hours in a pay period."). In addition, as the City indicated, section 778.114 was amended on August 7, 2020; thus, it is unclear of the impact, if any, the amendment has on this matter. Nevertheless, based on the record before it at this time, the Court is unable to determine whether the City met the requirements to use the fluctuating workweek method to calculate overtime compensation.

Given its rulings in this Order and the procedural posture of this, the Court finds it unnecessary to examine the other requirements for using a fluctuating workweek and/or whether the City was permitted to use the method.

### F. Willfulness

The City contends it is entitled to summary judgment on the issue of whether its actions were willful. Doc. 559 at 29-30. Under the FLSA, the statute of limitations is "two years after the cause of action accrued…except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A "willful" violation of the FLSA occurs when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)); *see also Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2006). To be considered willful, the employer's conduct must be more than negligence. *McLaughlin*, 486 U.S. at 133. Plaintiffs oppose the City's request for summary judgment on the issue. Doc. 561 at 44-46. When considering the record before it and construing the facts and reasonable inferences in the light most favorable to the nonmovant, the Court finds genuine disputes as to material facts exist with regard to the nature of the City's conduct. Accordingly, the Court **DENIES** the City's request to enter summary judgment in its favor on the issue of whether its actions were willful.

### G. Liquidated Damages

The City also moves for summary judgment in its favor on the issue of liquidated damages. Doc. 559 at 29-30. If an employer violates 29 U.S.C. § 207, the employer is liable to the affected employees in the amount of unpaid overtime compensation, and it may also be liable for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If the employer "shows to the satisfaction of the court" that its actions were "in good faith" and it "had reasonable grounds for believing" its actions were not violating the FLSA, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." *Id*. § 260. According to the Eighth Circuit, "[t]he employer bears the burden of proving both good faith and reasonableness." *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). This burden "is a difficult one, with double damages being the norm and single damages the exception." *Id*. at 941-42 (quoting *Herman*, 172 F.3d at 142).

"Good faith" is a subjective standard. *Id*. at 142. The employer "must establish 'an honest intention to ascertain and follow the dictates of the FLSA.'" *Id*. (quoting *Hultgren v. County of Lancaster*, 913 F.2d 948, 509 (8th Cir. 1990)). To do so, the employer must demonstrate it "took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions." *Id*. (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991)). The Eighth Circuit has found the employer's lack of knowledge, a lack of employee complaints about overtime, and the employer's delegation of the payroll function to a subordinate do not establish good faith. *Id*. at 942-43 (citations omitted).

The Court has carefully considered and reviewed the record. Based on the record before it and construing the facts and reasonable inferences in the light most favorable to the nonmovant, the Court finds genuine disputes as to material facts exist as to whether the City acted in good faith

22

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 22 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 57 of 66

and acted reasonably. Accordingly, the Court **DENIES** the City's request to enter summary

judgment in its favor on the issue of liquidated damages.

### III.     CONCLUSION

Based on the foregoing discussion and analysis, the Court **GRANTS** Plaintiffs' Motion for

Partial Summary Judgment (Doc. 556), **DENIES** the City's Motion for Summary Judgment (Doc.

558), and **DENIES** Plaintiffs' Motion for Leave to File Sur-Reply (Doc. 567). Pursuant to the

parties' stipulation of dismissal (Doc. 544) and Rule 41(a)(1)(A) of the Federal Rules of Civil

Procedure, Plaintiffs' breach of contract claim is dismissed without prejudice.

**IT IS SO ORDERED.**

DATE: September 29, 2021                 ___/s/ W. Brian Gaddy_____
                                        W. BRIAN GADDY
                                        UNITED STATES MAGISTRATE JUDGE

23

Case 4:19-cv-00093-WBG   Document 570   Filed 09/29/21   Page 23 of 23
Case 4:22-cv-00780-RK   Document 1-4   Filed 11/28/22   Page 58 of 66

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

**Ray Salva**

| | |
|---|---|
| **From:** | Dan Heizman <dheizman@iaff42.org> |
| **Sent:** | Thursday, September 22, 2022 3:57 PM |
| **To:** | Ray Salva |
| **Subject:** | FW: Grievance follow up - Local42 CBA Retro Pay Calculations - Updated Calculation File for Review |
| **Attachments:** | Back Pay Calculations v11.1-Local 42 Analysis-9-1-2022.xlsx |



EXHIBIT
**8**

Well, maybe they are going to try to start before we have agreement. Thoughts?

**Daniel Heizman | President**
**International Association of Fire Fighters | Local 42**
6320 Manchester Avenue, Suite 42A | Kansas City, Missouri 64133
cell: 816.918.9685 | office: 816.783.5443 | fax: 816.358.8383
email: dheizman@iaff42.org | website: www.iaff42.org



"Proudly Representing Fire, EMS, and Public Safety Professionals in Greater Kansas City since 1918"

**Confidentiality Notice:**
**This email, including any files transmitted with it, is the property of the International Association of Fire Fighters Local No. 42. It is confidential and is intended solely for the use of the individual, or entity, to which the email is addressed. If you are not a named recipient, or otherwise have reason to believe that you have received this message in error, please notify the sender at (816) 358-4222 and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this email is strictly prohibited.**

---

**From:** Clevenger, Eric <Eric.Clevenger@kcmo.org>
**Sent:** Thursday, September 22, 2022 3:13 PM
**To:** Dan Heizman <dheizman@iaff42.org>; John B. Boyd <jbboyd@bktplaw.com>; Eric Rose <erose@iaff42.org>
**Cc:** Queen, Tammy L <Tammy.Queen@kcmo.org>; Choi, William <William.Choi@kcmo.org>; Lake, Donna <Donna.Lake@kcmo.org>; Young, Jean <Jean.Young@kcmo.org>; Pehlman, Joe <Joe.Pehlman@kcmo.org>; Casey, Teri <Teri.Casey@kcmo.org>; Hawkins, Kristyn <Kristyn.Hawkins@kcmo.org>; Holtkamp, Alan <Alan.Holtkamp@kcmo.org>; Postlewait, Kelly <Kelly.Postlewait@kcmo.org>
**Subject:** FW: Grievance follow up - Local42 CBA Retro Pay Calculations - Updated Calculation File for Review

Unless comments to the contrary are received by 10:00 AM on Monday, September 26th, payroll will be processing the back pay amounts identified in the attached excel file worksheet named "Back Pay Calculations" for 621 employees on next week's, September 30th, paycheck. Since we are still reviewing the employee's identified as "missing from the calculations" and the impact of the retro pay adjustments processed during this calculation period, any additional pay due to an employee will be processed separately upon the conclusion of these reviews.

Thanks.

Eric B. Clevenger, City Controller
City of Kansas City, Missouri
Accounts Division of the Finance Department

Phone: (816) 513 - 1224
Fax: (816) 513 - 1216
Email: Eric.Clevenger@kcmo.org

---

**From:** Clevenger, Eric
**Sent:** Friday, September 2, 2022 12:01 AM
**To:** Postlewait, Kelly <Kelly.Postlewait@kcmo.org>; dheizman@iaff42.org; Lake, Donna <Donna.Lake@kcmo.org>; John B. Boyd <jbboyd@bktplaw.com>; erose@iaff42.org
**Cc:** Young, Jean <Jean.Young@kcmo.org>; Pehlman, Joe <Joe.Pehlman@kcmo.org>; Casey, Teri <Teri.Casey@kcmo.org>; Queen, Tammy L <Tammy.Queen@kcmo.org>; Hawkins, Kristyn <Kristyn.Hawkins@kcmo.org>; Holtkamp, Alan <Alan.Holtkamp@kcmo.org>
**Subject:** RE: Grievance follow up - Local42 CBA Retro Pay Calculations - Updated Calculation File for Review

Attached is the revised calculation file for Local 42's review.

There are six (6) worksheets in the attached excel file which have been provided for the review and analysis of the retro pay calculations associated with the implementation of the Local 42 CBA:

1. Back Pay Calculations: This sheet summarizes the net retro pay amounts due to/(from) the employees based on their Employee ID.
2. Calculations by Pay Period: This is a summary by Employee ID by pay period start and end dates.
3. Calculator: This is a tool created to present the difference between the pay previously received by the employee versus the pay that should have been earned by the employee based on the new requirements of the CBA for each pay period.
4. Raw Data (For Calculator): Pay period data for all employees to be copy-pasted into the Calculator.
5. How to Use the Calculator: Instructions and examples on how to use the Calculator.
6. List of pay periods: Unique listing of the pay periods used for the retro pay calculations.

**Note:** For those employees who worked in more than one out-of-class position during a pay period, the retro pay calculations have been calculated using the highest rate for the work out-of-class position for the pay period.

If there are any questions or concerns regarding the use of the Calculator, do not hesitate to call Kristyn or myself for assistance.

Once the calculations have been reviewed and agreed upon, Payroll will work with Mr. Heizman on scheduling the retro payments for processing.

Thanks.

Eric B. Clevenger, City Controller
City of Kansas City, Missouri
Accounts Division of the Finance Department
Phone: (816) 513 - 1224
Fax: (816) 513 - 1216
Email: Eric.Clevenger@kcmo.org

**EXTERNAL:** This email originated from outside the kcmo.org organization. Use caution and examine the sender address before replying or clicking links.

Director Queen,

Please see below email thread between Fire Department budget officer Joe Pehlman and myself. This is another attempt for Local 42 to resolve the difference in opinion on the City's method for calculating the regular rate and the calculation of FLSA overtime. After meeting and going through the backpay spreadsheet and addressing a number of issues that Local 42 has with the methodology we came to the following agreements. The main points being that the City is not including everything required in the total remuneration for regular rate calculation (I still think the medical/wellness subsidy should be included but that is a very small disagreement) and the main point that FLSA overtime should be 1.5 times the regular rate times the total hours over 106 and not the formula that the City is adhering to. I believe that if we can get agreement on those two big items then we can move forward and hopefully agree to some final numbers and get this backpay issue settled and behind us so that we can set our sights on the next big task of fixing our payroll situation to make sure we avoid as many pay discrepancies as possible in the future and hopefully achieve a system that allows for your employees to much more easily decipher their pay stubs. If we are unable to agree to these main points then I don't see an easy way forward on the resolution of this grievance.

Please respond with your decision by 10:00am Wednesday the 12th. If I do not receive confirmation from your office that you agree to these points by that time I will assume that you disagree with our assessment and are maintaining the City's previous position.

Respectfully,

Daniel Heizman | President
International Association of Fire Fighters | Local 42
6320 Manchester Avenue, Suite 42A | Kansas City, Missouri 64133
cell: 816.918.9685 | office: 816.783.5443 | fax: 816.358.8383
email: dheizman@iaff42.org | website: www.iaff42.org



"Proudly Representing Fire, EMS, and Public Safety Professionals in Greater Kansas City since 1918"

**Confidentiality Notice:**
This email, including any files transmitted with it, is the property of the International Association of Fire Fighters Local No. 42. It is confidential and is intended solely for the use of the individual, or entity, to which the email is addressed. If you are not a named recipient, or otherwise have reason to believe that you have received this message in error, please notify the sender at (816) 358-4222 and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this email is strictly prohibited.

**From:** Pehlman, Joe <Joe.Pehlman@kcmo.org>
**Sent:** Monday, October 10, 2022 5:03 PM
**To:** Dan Heizman <dheizman@iaff42.org>
**Cc:** Madick, Mary <Mary.Madick@kcmo.org>
**Subject:** RE: Backpay Meeting 10.6.2022



Mary and I met with President Heizman and went over these items. For Holiday Pay, I was against adding Holiday Pay to the calculation rate for OT, but I would have to agree with Presidents Heizman's

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

thoughts and view to include. For bullet point number two I would have to agree to the methodology, except for Wellness and Medical credits should be excluded from the remuneration based on the FLSA exclusions "payment of health and other insurance premiums".

Under FLSA the following is the Regular Rate calculation: <u>Remuneration for Employment</u> = Regular Rate

Straight-Time Hours Worked

The attached is a review of an actual FireFighters pay (Tab "Actual Paid" for a 28 day (212) period and all the calculations. The secound tab "Calc w_212" is the actual pay using the above formula to calculate the Gross pay which in theroy should be the same total amount, but has a $200.00 difference. Then Tab "Calc w_106 (old CBA) is using the actual paid, but converting with the 106 (14 day) method to the same pay which shows less Gross Dollar amount of $64.00. The last tab "Calc w_106 (Current CBA) using "Actual Paid" as a base, but incorporating the new CBA pay scale with the 106 method for a difference of $3K. The "Rollup" tab shows all these comparisons with regular and overtime pay.



**Joe Pehlman**
*Financial Officer, Fire Department*
Kansas City Fire Department
City of Kansas City, Mo.
6750 Eastwood Trafficway
Kansas City, MO 64129
Office: (816)-300-8818
Email: joe.pehlman@kcmo.org

**From:** Dan Heizman <dheizman@iaff42.org>
**Sent:** Thursday, October 6, 2022 4:37 PM
**To:** Pehlman, Joe <Joe.Pehlman@kcmo.org>
**Cc:** Madick, Mary <Mary.Madick@kcmo.org>
**Subject:** Backpay Meeting 10.6.2022

**EXTERNAL: This email originated from outside the kcmo.org organization. Use caution and examine the sender address before replying or clicking links.**
Joe,
Please confirm if the following is an accurate description of our meeting and that you are in agreement with my assessment of what the issues are concerning the spreadsheet and the methods being used to calculate Local 42 backpay.

1. First issue is that they are not including all remuneration for employment paid to, or on behalf of the employee.

    1. The specific example I used was holiday pay because that was one example that I had found. There may be others but without having a full list of the pay codes that were used and comparing I cannot determine if others have been left out. There were some discussions about this particular one because you at first did not think it should be included but eventually agreed that it should. I did a little more research on this when I got back to the office and the things that can be excluded from the regular rate calculation are covered in Sections 7(e)(1)-(7) of the FLSA. Section 7(e)(2) of the FLSA does allow for holiday pay to be excluded in some circumstances but it specifically outlines it as "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause." That is not how the holiday

pay for Local 42 members is paid nor is it how it is outlined in the CBA. The members are paid 10 additional hours regardless of whether or not they are on duty but it is not as though we are paid 10 holiday hours to stay home because it is Christmas. Every third year (aside from leap years) a firefighter that stays on the same shift will work a rotation of all the holidays outlined in the CBA. Our holiday pay system is more of a holiday bonus and thus must be included in the regular rate calculation.

2. The other big issue is the method by which they are calculating the overtime premium.

   1. As I outlined in a previous email, the Judge Gaddy order and the CBA both outline that we will be paid one and one-half times the regular rate for all hours worked in excess of 106. The City's spreadsheet uses a different formula for calculating overtime that discounts the overtime by paying (1 * (incentive rate + .5 * regular rate)). We laid out some examples on your board and I showed the simple example using my hourly rate of $31.79, with a 5% specialty pay incentive, a $50 education bonus, a $50 Foreign language bonus and the $3 Med credit for 120 hours in a pay period. We determined and agree that the City's method came up $20 short versus the simple (1.5 * regular rate * OTP hours).

Thanks for taking the time to meet today.

Respectfully,

**Daniel Heizman** | President
International Association of Fire Fighters | Local 42
6320 Manchester Avenue, Suite 42A | Kansas City, Missouri 64133
cell: 816.918.9685 | office: 816.783.5443 | fax: 816.358.8383
email: dheizman@iaff42.org | website: www.iaff42.org



"Proudly Representing Fire, EMS, and Public Safety Professionals in Greater Kansas City since 1918"

**Confidentiality Notice:**
This email, including any files transmitted with it, is the property of the International Association of Fire Fighters Local No. 42. It is confidential and is intended solely for the use of the individual, or entity, to which the email is addressed. If you are not a named recipient, or otherwise have reason to believe that you have received this message in error, please notify the sender at (816) 358-4222 and delete this message immediately from your computer. Any other use, retention, dissemination, forwarding, printing, or copying of this email is strictly prohibited.

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

**Dan Heizman**

| | |
|---|---|
| **From:** | Lake, Donna <Donna.Lake@kcmo.org> |
| **Sent:** | Tuesday, October 18, 2022 7:03 PM |
| **To:** | Dan Heizman |
| **Subject:** | Re: Backpay Meeting 10.6.2022 |



Hi Dan,

I am just now getting to reviewing emails today. I would concur with the information that Joe has provided, he is most versed in FLSA within KCFD.

Donna Lake
KCFD, Fire Chief
816-582-4304

> On Oct 18, 2022, at 9:02 AM, Dan Heizman <dheizman@iaff42.org> wrote:

> **EXTERNAL: This email originated from outside the kcmo.org organization. Use caution and examine the sender address before replying or clicking links.**
> Chief Lake,
> I know you didn't want to rule on this grievance but I am really concerned that this is going to go south if we can't come to some agreement on the overtime issue in the next few hours. I don't even know what your opinion on this is but if you weighed in I think it might be what is needed to get Tammy to make a decision. It sounds like Clevenger is the main person who refuses to change his mind on how they are calculating the overtime even when presented with evidence that the CBA says 1.5 times and the judge's order from the last FLSA settlement that was agreed to outlines the same. You weren't copied on the email exchange so I wanted to forward this to you to make sure you had the opportunity to give your opinion.

> Respectfully,

> **Daniel Heizman** | President
> **International Association of Fire Fighters** | Local 42
> 6320 Manchester Avenue, Suite 42A | Kansas City, Missouri 64133
> cell: **816.918.9685** | office: **816.783.5443** | fax: **816.358.8383**
> email: dheizman@iaff42.org | website: www.iaff42.org



> "Proudly Representing Fire, EMS, and Public Safety Professionals in Greater Kansas City since 1918"

> **Confidentiality Notice:**

Electronically Filed - Jackson - Kansas City - October 27, 2022 - 12:44 PM

**PLAINTIFF'S WITNESS SWORN STATEMENT**

STATE OF ___Missouri___ )
                            ) ss.
COUNTY OF ___JACKSON___ )

      The below named person, being duly sworn on oath states that he read the foregoing Temporary Restraining Order and Memorandum of Law, exhibits, and the facts and allegations set forth therein are true and correct to the best of his knowledge and belief.

_____
DANIEL HEIZMAN

      Subscribed and sworn to before me this _21_ day of ___October___, 2022.

My commission expires:

_____
Notary Public

```
GWYVETTE A. BODENDIECK
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES AUGUST 10, 2026
JACKSON COUNTY
COMMISSION #14520710
```

1

## PLAINTIFF'S SWORN STATEMENT

STATE OF _MISSOURI_ )
                     ) ss.
COUNTY OF _JACKSON_ )

      The below named person, being duly sworn on oath states that he read the foregoing Temporary Restraining Order and Memorandum of Law, exhibits and the facts and allegations, set forth therein are true and correct to the best of his knowledge and belief.

_____
ISAAC JIMENEZ

      Subscribed and sworn to before me this _24_ day of _October_ , 2022.

My commission expires:

_____
Notary Public

GWYVETTE A. BODENDIECK
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES AUGUST 10, 2026
JACKSON COUNTY
COMMISSION #14520710

1